## Commonwealth *v.* Bryner, Appellant.

Argued April 14, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*J. Graham Sale, Jr.,* Assistant Public Defender, with him *John J. Dean,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los,* Assistant District Attorney, with her *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., June 22, 1971:

This is an appeal by Harry I. Bryner from a judgment of sentence imposed after a jury found him guilty on two charges of receiving stolen goods. He was tried with his son, Harry P. Bryner, who was found guilty on the same charges and on one charge of larceny and burglary. Demurrers to charges of burglary and larceny were sustained by the court as to this appellant. However, seeking a new trial or arrest of judgment, he contends that the only evidence upon which his conviction can be sustained was secured by a search of an automobile which was conducted without a search warrant and without probable cause.

Before the jury trial commenced at a hearing held on the motion to suppress the evidence which was later introduced at the trial, the following facts were developed. At about 1:20 a.m. on July 27, 1969, a 1961 Chevrolet convertible bearing Pennsylvania license plates, which was being driven by Harry P. Bryner and in

which Harry I. Bryner was a passenger, was stopped in the City of Ravenswood, Jackson County, West Virginia, by City Police Officer Clarence C. Mullen. He immediately placed both men under arrest for operating the automobile with faulty lighting. Apparently, the license plate was not illuminated and the electrical circuit to the rear lights was shorted. This is a misdemeanor under the West Virginia Motor Vehicle Code.[1] Immediately after these arrests, while engaged in securing information, including the ownership and registration of the vehicle,[2] Officer Mullen, with the aid of a flashlight, observed six western hats, six pairs of western boots, six saddle blankets, some new shirts in a box, a check writing machine, a small thermofax copier, a sledge hammer and some suitcases. He also testified, "I observed in the rear seat of his vehicle a large quantity of merchandise, new merchandise. I asked the driver if the merchandise belonged to him. He stated it did. . . . I asked if he had a bill of sale for the merchandise and he said he did not have."

After the two defendants and the officers had moved away from this automobile, and the defendants were in the police cruiser, the officer, becoming suspicious, returned to the Chevrolet and conducted a search which revealed additional items which were alleged to have been stolen and which were introduced as such at the trial. The items first seen by the officer before the search were ruled to be inadmissible at the trial.

The Commonwealth contends that the officer was justified in conducting the search without a warrant because all the circumstances amounted to probable cause. We disagree and find that the law as found in

---

[1] No explanation was given by Officer Mullen for the legal basis for the arrest of appellant.

[2] The vehicle was owned and registered in the name of someone other than the defendants. However, the Commonwealth does not contend that it was a stolen vehicle.

*Commonwealth v. Dussell,* 439 Pa. 392, 266 A. 2d 659 (1970), is compelling for reversal of the lower court, particularly at page 396, where Mr. Justice EAGEN stated for the Court: "We recognize that a special rule prevails as to the stopping and searching of moving vehicles suspected of being used in criminal activity. See Carroll v. United States, 267 U.S. 132, 45 S. Ct. 280 (1925), and Brinegar v. United States, 338 U.S. 160, 69 S. Ct. 1302 (1949). However, even where the search of a moving vehicle is involved, the officers must have independent probable cause to believe that a felony has been committed, and must have a basis for believing either that evidence of the crime is concealed in the vehicle or that there are weapons therein accessible to the occupants of the car. Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 88 S. Ct. 1472 (1968), and Brinegar v. United States, supra. Mere suspicion or good faith on the part of the officers is not enough: Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868 (1968), and Brinegar v. United States, supra. Nor may the fruits of the search be used to justify it."

There is no question of the good faith on the part of Officer Mullen in this case as to the arousal of his suspicions; but the testimony presented by the Commonwealth at the suppression hearing, in our opinion, did not overcome its burden to prove that it did not need to obtain a search warrant, particularly in view of the fact that Officer Mullen at the time of the arrests for The Vehicle Code violation had no definite knowledge that a burglary had been committed.

Judgment of sentence reversed, and defendant discharged.

WRIGHT, P. J., and WATKINS, J., would affirm on the opinion of Judge RALPH H. SMITH, JR., for the court en banc.