Commonwealth, Appellant, *v.* Tatro et al.,
Appellants.

Argued June 16, 1972. Before Wright, P. J., Watkins, Jacobs, Hoffman, Spaulding, Cercone, and Packel, JJ.

*Edward F. Kane,* with him *Bean, DeAngelis, Kaufman & Giangiulio,* for defendant.

*Daniel L. Quinlan,* for defendant.

*Stewart J. Greenleaf,* Assistant District Attorney, with him *J. David Bean,* Assistant District Attorney, *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth.

OPINION BY WATKINS, J., November 16, 1972:

These appeals are from the judgment of sentence by the defendant-appellants, Thomas R. Tatro and James McKenzie, by the Court of Common Pleas of Montgomery County after conviction of the charges of conspiracy and possession of burglary tools; and by the Commonwealth from the order of the said court arresting judgment on a burglary conviction.

The facts are as follows: On the evening of September 18, 1969, Officer James J. Callos of the Lower Merion Township Police Department observed a vehicle, occupied by four (4) white males traveling through the Penn Valley area, and as the vehicle was moving

through a strictly residential area and driving in a circular pattern, the occupants appeared to be examining the homes in the vicinity.

The officer then stopped the vehicle and requested the operator Edward Loney, to produce his operator's license and owner's registration. The defendant McKenzie was seated in the rear of the car, on the left, the officer was able to observe a walkie-talkie in an open box adjacent to where McKenzie was sitting and who was engaged in trying to push the box under the front seat.

Officer Harner of the same police department approached the vehicle from the rear and observed a number of items being thrown from the vehicle. He retrieved flashlights, gloves, a radio antenna and a screwdriver. The defendants together with the other two occupants were arrested and charged with conspiracy to commit burglary and possession of burglary tools.

It was then determined through laboratory tests that the screwdriver taken from the car was used in a burglary that took place on September 17, 1969, in the same area. As a result of this, the defendants were also charged with burglary and larceny and were tried for these crimes at the same time.

The jury convicted the defendants on all counts. The defendants filed motions for a new trial and in arrest of judgment. The post-trial motions growing out of the September 18th circumstances were denied. But the court below granted the motion in arrest of judgment on the burglary and larceny charge.

The defendants contend that the police had no right to stop the vehicle in which they were passengers and, therefore, had no right to observe the equipment in the vehicle or retrieve the articles abandoned so that their petition to suppress all the evidence should have been granted. We cannot agree. The police did not

stop the car for the purpose of searching it or its occupants. They do have the right to stop vehicles to determine whether the registration is valid and whether the operator had a valid license. Act of April 29, 1959, P. L. 58, §1221, as amended, 75 P.S. 1221 (a) and (b).

The items of burglary equipment taken from the car on the side where Tatro was sitting were abandoned. *Abel v. U.S.*, 362 U.S. 217, 80 S. Ct. 683 (1960). And all other items introduced were in plain view and not the fruits of a search. McKenzie was exercising control over the box of equipment in the rear seat and a walkie-talkie was next to Tatro in the front seat. *Commonwealth v. Brayboy*, 209 Pa. Superior Ct. 10, 223 A. 2d 878 (1966). None of the above came within the restricted purview of the search and seizure cases. As the Court below said: "It is critical to a just evaluation of the search and seizure under consideration that care be taken to avoid confusion between it and similar but factually distinguishable situations. This is not the case wherein the search and seizure is founded upon mere suspicion or surmise as in Commonwealth v. One 1958 Plymouth Sedan, supra, or where the authority to search was predicated upon an ordinary traffic violation without more, Commonwealth v. Dussell, 439 Pa. 392 (1970), Commonwealth v. Bryner, 218 Pa. Superior Ct. 316 (1971), or where the search was bottomed upon a traffic violation and a mere suspicion of suspect circumstances, Commonwealth v. Lewis, 442 Pa. 98, 101 (1971). Here the initial stopping was pursuant to the authority of The Vehicle Code, and the search incident to a concurrent on sight arrest founded upon direct sightings of the police officers which furnished more than ample reasonable and probable cause."

In *Terry v. Ohio*, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968), Mr. Chief Justice WARREN said: "One general interest (of the government) is of course that

of effective crime prevention and detection; it is this interest which underlies the recognition that a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest."

It is also contended that the court erred in permitting the trial of the burglary and larceny count with the other charges as one occurred the day before the other. Trial courts have wide discretion in the trial of cases before them and as to whether to join or sever trials which involve the same defendant. The burglary and larceny indictments involved the same defendants and they appeared to bear a close relationship to one another. The consolidation did not amount to a manifest abuse of discretion.

In *Commonwealth v. One 1958 Plymouth Sedan,* 418 Pa. 457, 211 A. 2d 536 (1965), on which the defendants rely is inapposite. The factual situation in that case concerned the right to search and seize an automobile suspected of transporting contraband. While the instant case involves only the stopping of a vehicle for routine purposes enumerated in the act and after the stopping under the act the plain view doctrine resulted in the reasonable and probable cause to make the arrest.

As the court below put it: "In logical sequence, defendants next challenge the search of the vehicle in which they were riding and the seizure of various evidentiary items therefrom. At the very threshold of these considerations, the Court must evaluate the applicability of the plain view doctrine: objects unexpectedly falling into the sight of a police officer who had a right to be where he could make the observation are subject to seizure and subsequent introduction into evidence. Stanley v. Georgia, 394 U.S. 557 (1969);

Harris v. United States, 390 U.S. 234 (1968), Commonwealth v. Brayboy, 209 Pa. Superior Ct. 10 (1966)." See also, *Collidge v. New Hampshire*, 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971).

The Commonwealth appealed from the order of the court below arresting judgment on the burglary-larceny charge. In passing upon a motion in arrest of judgment following conviction the sufficiency order must be evaluated upon the entire trial record and the evidence must be read in the light most favorable to the Commonwealth and the Commonwealth is entitled to all reasonable inferences arising therefrom. *Commonwealth v. Tabb*, 417 Pa. 13, 207 A. 2d 884 (1965).

The only evidence to connect appellants to the burglary-larceny which occurred twenty-four (24) hours prior to their arrest was the screwdriver. Who possessed it or used it previously is pure conjecture and the court below properly arrested judgment.

The evidence, when considered in its entirety, substantiates the conspiracy and possession charges. The gloves, flashlights, walkie-talkie, screwdriver, etc. together constitute the tools of a modern burglar and in this case were intended to be used for that purpose. The possession and control of these items has already been discussed.

Judgment of sentence is affirmed. Order in arrest of judgment is affirmed.

SPAULDING and HOFFMAN, JJ., concur in the result.