# Commonwealth *v.* Collins, Appellant.

Submitted March 20, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE and SPAETH, JJ.

178

*Earle Lees, Andrea Levin, Jonathan Miller,* Assistant Defenders, and *Vincent Ziccardi,* Defender, for appellant.

*Louis A. Perez, Jr., Milton M. Stein,* and *James T. Ranney,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, December 11, 1973:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY SPAETH, J.:
Appellant contends that there was insufficient evidence to convict him of possession of burglary tools.

Appellant was found by a police officer early one February afternoon on the second floor of a vacant house, standing in the hall with a pile of copper tubing at his feet. The officer testified that he searched appellant and found a screwdriver in his rear pocket. The officer further testified that the front door appeared to be jimmied in that there were pry marks on the lock side of the door, and that the rest of the house was secured. Appellant was arrested and tried on charges of bur-

glary, larceny, receiving stolen goods, and possession of burglary tools. A demurrer was sustained to all of the charges except the charge of possession of burglary tools. Appellant rested and moved for a directed verdict. The motion was denied and the trial judge, who was sitting without a jury, found appellant guilty.

Appellant's position is that a screwdriver by itself is not a burglary tool within the meaning of the Act of June 24, 1939, P. L. 872, §904, 18 P.S. §4904, and that there was insufficient evidence to show that he possessed it as such a tool.

The Act provided: "Whoever has in his possession any tool, false-key, lockpick, bit, nippers, fuse, forcescrew, punch, drill, jimmy, or any material, implement, instrument or other mechanical device, designed or commonly used for breaking into any vault, safe, railroad car, boat, vessel, warehouse, store, shop, office, dwellinghouse, or door, shutter or window of a building of any kind, with the intent to use such tools or instruments for any of the felonious purposes aforesaid, is guilty of a misdemeanor, . . ."

In *Commonwealth v. Clinton*, 391 Pa. 212, 217-18, 137 A. 2d 463, 465-66 (1958), the defendant had four electric drills, a screwdriver, a hatchet, and an electric razor in his possession when arrested. He explained his possession of these tools by saying that he and his brother were in the business of installing television and high-power aerials. Said the Court: "There are many tools and implements which are suitable for felonious breaking and entering, the possession of which would not subject the possessor to criminal prosecution. Saws, hammers, nails, tongs, awls, knives, mattocks, scythes, files, pliers, gimlets, pincers, wrenches, gauges, and spatulas, all can be used for breaking and entering a house, but they still retain their non-criminal status. . . . Even a corkscrew can be employed to get into a house, but the law would come to a sorry pass indeed

if the possessor of a corkscrew had to prove that the corkscrew on his key ring had no other purpose other than that of opening ketchup and more fluent bottles." The court noted that the intent to use an ordinary tool for a felonious purpose may sometimes be inferred from the circumstances but on the evidence before it refused to uphold the conviction: "It must be remembered that guilt must be proved and not conjectured. The reasonable inference of guilt must be based on facts and conditions proved; it cannot rest solely on suspicion or surmise. . . . The circumstantial evidence in this case is not such 'as reasonably and naturally to justify an inference of the guilt of the accused . . . and of such volume and quality as to overcome the presumption of innocence and satisfy the jury of the accused's guilt beyond a reasonable doubt.' " *Id.* at 218-19, 137 A. 2d at 466 (quoting *Commonwealth v. Bausewine,* 354 Pa. 35, 41, 46 A. 2d 491, 493 (1946)).

In *Commonwealth v. Tatro,* 223 Pa. Superior Ct. 278, 297 A. 2d 139 (1972), it was held that there was sufficient circumstantial evidence to support a conviction of possession of burglary tools. There it appeared that a screwdriver in conjunction with gloves, flashlights, and a walkie-talkie were jettisoned from a car stopped by the police, and laboratory tests showed that the screwdriver had been used the day before in a burglary in the same area.

In the present case the circumstantial evidence was insufficient to establish felonious intent. The screwdriver was not found with other tools. The owner of the property never testified, so there was not the testimony usual in such cases as these that appellant was on the premises without permission. There was no evidence to show when the door had last been seen without pry marks. Nor was there any evidence such as proof of a laboratory test showing that the screwdriver had been used on the door. The burden was on the Common-

wealth to prove that appellant possessed the screw-driver with the intent of perpetrating a burglary. Until the Commonwealth met its burden, appellant had no obligation to explain his presence or his possession of the screwdriver. The circumstances necessary to turn an ordinary household implement into a burglary tool must be established beyond a reasonable doubt. *Commonwealth v. Clinton, supra.* By sustaining the demurrer the trial judge demonstrated reasonable doubt as to what was appellant's intent when he entered the building, and as to whether, once inside, he had done anything with the copper tubing. Circumstantial proof insufficient to exclude a reasonable doubt as to these matters is insufficient to exclude a reasonable doubt as to why appellant had the screwdriver.

The judgment of sentence should be reversed.