Commonwealth *v.* Smith, Appellant.

Submitted December 2, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

536

*John P. Lawler,* Public Defender, for appellant.

*C. Daniel Higgins,* Assistant District Attorney, and *James F. Marsh,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., March 31, 1975:

Appellant Hale Smith was arrested on December 11, 1972 and charged with burglary, larceny, and receiving stolen goods, and, on a separate count, with larceny and receiving stolen goods. A jury fund appellant guilty of all the offenses charged, and appellant was sentenced on August 16, 1974, to pay a fine of three hundreds dollars and serve a term of one and one-half to three years on the burglary conviction, with sentence suspended on the other convictions. The case is before us on appeal from the denial by the lower court of appellant's Motion in Arrest of Judgment and Motion for a New Trial.

The sole argument presented by appellant is that his conviction was based upon insufficient evidence. The facts, viewed in a light most favorable to the Commonwealth, *Commonwealth v. Porter,* 229 Pa. Superior Ct. 314, 323 A.2d 128 (1974), are as follows:

On December 9, 1972 (a Saturday), at approximately 12:45 P.M., an employee of the Edward R. Lawson Company parked one of the companys' trucks in its usual spot in the company's lot in Stroudsburg, locked the truck and took the keys. In the cab of the truck was the truck's registration card; in the back of the truck was a box of snowchains and a handcart, both of which had labels which identified them as belonging to the Edward R. Lawson Company of Stroudsburg, Pennsylvania. On this

same day, at approximately 6:00 P.M., the Pocono Snowmobile Center in Mount Pocono closed for business. When an employee of the Snowmobile Center arrived at 9:00 A.M. the following morning, he found that the place had been broken into and that seven snowmobiles, various items of clothing, and some blank checks were missing. The thieves left behind them the box of snowchains and the handcart belonging to the Edward R. Lawson Company. The police were notified and they in turn contacted Mr. Robert Lawson, owner of both the Edward Lawson Company and Pocono Distributing, at which time the theft of the Lawson Company's truck was discovered.

On Monday, December 11, 1972, at approximately 2:00 P.M., two state policemen were conducting a routine traffic check on a road near Quakertown when they stopped three trucks which were proceeding "as though they were together, or ... in a convoy." Appellant was driving the second of the three trucks—a truck that had on its side the words "Pocono Distributing." One of the troopers, Sylvester T. Myers, was in the process of checking appellant's operator's license and the vehicle's registration card when the third truck pulled back onto the highway and disappeared from sight around a bend in the road. Trooper Myers gave chase in his patrol car, but was unable to spot the fleeing truck. While searching various roads in the area, Myers again observed appellant in Lawson's truck, this time traveling on a road other than the one he was on when first stopped. The trooper followed appellant while attempting to contact the state police station in Quakertown (to see if the truck had been stolen), eventually stopping appellant for a second check. At this time, Trooper Myers observed a screwdriver in the ignition switch in place of a key. When asked by the trooper whether he was employed by the company whose name was on the registration card, appellant replied that he was employed by that company.

Testimony of Robert Lawson established that appellant was not employed by either the Edward R. Lawson Company or by Pocono Distributing. After appellant and the truck were transported to the state police barracks in Quakertown, the state police searched the truck and found, on the floor in front of the seat on the right side, three of the blank checks, and in the body of the truck the five new snowmobiles that had been stolen from the Pocono Snowmobile Center.

Appellant took the stand on his own behalf and testified that he met a stranger in a bar in Philadelphia on Friday night, December 8, 1972, and that the stranger offered him one hundred dollars to drive a truck from Stroudsburg to the Philadelphia Airport. Appellant explained that he had been driven to Stroudsburg by a friend on Sunday, December 10, 1972, that he picked up the truck in question on a Stroudsburg street at about 10:00 P.M., and that he drove the truck to Hellertown where he parked it and went to sleep. Though appellant testified that he did not know that the truck had been stolen, he did admit on the stand that he "had a notion" there might be stolen property in the back of the truck. He also testified: "Could have been a couple bodies. I wouldn't care. I would have taken them right down there." When asked on direct examination where he was on Saturday night (the evening the burglary of the snowmobile center apparently took place), appellant replied simply that he didn't know. Appellant did not produce for trial the friend who allegedly drove him to Stroudsburg on Sunday, December 10.

In support of his argument that the evidence presented at trial by the Commonwealth was insufficient to support his conviction for burglary, larceny, and receiving stolen goods, appellant cites *Commonwealth v. Henderson,* 451 Pa. 452, 304 A.2d 154 (1973) and *Commonwealth v. Owens,* 441 Pa. 318, 271 A.2d 230 (1970). In both of these

cases, our Supreme Court reversed the convictions because the evidence presented supported the finding only that the defendants were found in possession of stolen goods; there was no evidence to indicate that the defendants knew or should have known that the goods were stolen. In the case before us, appellant's own testimony reveals that he suspected that he was transporting stolen goods: "...I kind of figured there was something in there. Like, who would give you a hundred dollars to take a truck to Philadelphia? There had to be something in there, right? I was just doing it for the money." Since there is no question of appellant's guilty knowledge, *Henderson* and *Owens* are inapplicable to the case before us.

In two other cases, *Commonwealth v. Shaffer*, 447 Pa. 91, 288 A.2d 727 (1972) and *Commonwealth v. Swiatkowski*, 446 Pa. 126, 285 A.2d 490 (1971), our Supreme Court considered whether the evidence presented in those cases was sufficient to sustain burglary convictions.[1] In *Shaffer*, the defendant and several companions were found in possession of twenty-five pieces of stolen jewelry within twenty-four hours of the theft of those items. When confronted by the police, the defendant gave a false name, and one of the defendant's companions attempted to dispose of the jewelry by throwing it out of a car window wrapped in a sock. In *Swiatkowski*, the defendant was accused of stealing blank checks, canceled

---

1. See *Commonwealth v. McFarland*, 452 Pa. 435, 308 A.2d 592 (1973), in which our Supreme Court applied the "more-likely-than-not" test and reversed convictions for burglary and larceny, holding that the evidential inference of burglary and larceny could not arise from mere possession under the circumstances of that case. In *McFarland*, however, the defendant was arrested with the stolen goods in his possession eleven months and six days after the date of the burglary—a much longer period of time than in the case before us.

checks, and bank statements from a law office. The defendant was observed trying to cash some of the stolen checks on three occasions subsequent to the burglary. In both *Shaffer* and *Swiatkowski,* the defendants were convicted of burglary, and in both cases our Supreme Court affirmed the convictions in spite of the fact that there was no direct evidence linking the defendants to the scene of the burglaries. In the case before us, appellant was discovered within forty-eight hours of the burglary of two businesses, driving a truck stolen from one, the Edward R. Lawson Company, which truck contained property that had been stolen from the other, the Pocono Snowmobile Center. On the floor in the front of the truck were found blank checks and inside the truck the five new snowmobiles that had been taken from the Pocono Snowmobile Center. Appellant was using a small screwdriver in place of a key to start and stop the truck's engine; furthermore, when questioned by a state trooper, appellant falsely stated that he was employed by the owner of the truck.

Every case is dependent upon the peculiar circumstances involved, and particularly so when the issue on appeal involves the sufficiency of the evidence. In the case before us, the jury was properly instructed that, in order to find appellant guilty, it would have to find that he was guilty beyond a reasonable doubt. The trial judge, unlike the trial judge in *Commonwealth v. Turner,* 456 Pa. 116, 317 A.2d 298 (1974), did *not* improperly instruct the jury that it could infer that the defendant was guilty from the sole evidence of his possession of stolen goods. Since the jury was properly instructed on the Commonwealth's burden of proving guilt beyond a reasonable doubt, and since we feel that the evidence presented is sufficient to support the jury's verdict, we affirm the convictions.

Judgment of sentence affirmed.

HOFFMAN, J., concurs in the result.