389 A.2d 601

COMMONWEALTH of Pennsylvania

v.

Bernard Washington CROCKER, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided July 12, 1978.

64

Edward F. Browne, Jr., Assistant Public Defender, Lancaster, for appellant.

D. Richard Eckman, District Attorney, Lancaster, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that (1) 18 Pa.C.S. § 906[1] pre-

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973; 18 Pa.C.S. § 906.

cludes convictions for both attempted theft[2] and possession of an instrument of crime with intent to employ it criminally[3] when both offenses were designed to culminate in the commission of the same crime, and (2) the lower court erred in denying his motion for a mistrial after some jurors allegedly observed appellant in handcuffs. Because we agree with appellant's former contention, we vacate the judgments of sentence and remand for resentencing.[4]

On November 16, 1975, Lancaster County officials arrested appellant and charged him with criminal conspiracy,[5] two counts of theft by unlawful taking,[6] attempted theft, and possession of an instrument of crime with intent to employ it criminally. From May 27–June 1, 1976, appellant was tried before a jury in the Lancaster County Court of Common Pleas. The Commonwealth presented evidence which showed that at about 2:00 a. m., on November 16, 1975, appellant and two co-defendants attempted to steal several thousand dollars worth of cable stored in a locked and enclosed area of a Bell Telephone Company lot in Lancaster. The police, who had staked out the lot because of a series of previous thefts of cable, arrested appellant inside this enclosed area; appellant possessed wire and bolt cutters, hacksaws, cable cutters, wrenches, and other tools. The lower court granted appellant's demurrer to the two charges of theft by unlawful taking but the jury returned the verdict of guilty on all other charges. In response to appellant's

2. The Crimes Code, supra; 18 Pa.C.S. §§ 3921, 901.

3. The Crimes Code, supra; 18 Pa.C.S. § 907(a).

4. Appellant has waived his second contention. While counsel for appellant's co-defendants made a motion for a mistrial based on some jurors' alleged observation of the defendants in handcuffs, appellant's trial counsel expressly refused to join in this motion or to request any other form of relief. Appellant has retained new counsel for this appeal, but this counsel does not challenge the effectiveness of the first counsel's assistance. Accordingly, we will not consider appellant's second contention. See *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

5. The Crimes Code, supra; 18 Pa.C.S. § 903.

6. The Crimes Code, supra; 18 Pa.C.S. § 3921.

specific written post-verdict motions, the lower court arrested judgment on the conspiracy conviction, but affirmed all other convictions. On January 28, 1977, the lower court sentenced appellant to concurrent 11½–23 month terms of imprisonment for attempted theft and possession of an instrument of crime. This appeal followed.

Appellant contends that 18 Pa.C.S. § 906 proscribed his conviction and punishment for both attempted theft and possession of an instrument of crime with intent to employ it criminally. 18 Pa.C.S. § 906 provides: "A person may not be convicted of more than one offense defined by this chapter [Chapter 9 on inchoate crimes] for conduct designed to commit or to culminate in the commission of the same crime." 18 Pa.C.S. § 906 stems verbatim from the Model Penal Code, § 5.05(3).[7] The accompanying commentary to the Model Penal Code section explains the reason for its adoption. "The provision reflects the policy, frequently stated in these comments, of finding the evil of propatory action in the danger that it may culminate in the substantive offense that is its object. Thus conceived, there is no warrant for cumulating convictions of attempt, solicitation and conspiracy to commit the same offense." Tentative Draft No. 10 at p. 180. *See also Commonwealth v. Greiner,* 64 Lancaster L.Rev. 268 (1974); S. Toll, *Pa. Crimes Code Annot.* at 270 (1974); Comment, *Criminal Law: Criminal Conspiracy under the New Pennsylvania Crimes Code,* 78 Dickinson L.Rev. 159, 174 (1973).

Both attempted theft and possession of an instrument of crime are inchoate crimes under chapter nine of the Crimes Code. 18 Pa.C.S. § 901 defines criminal attempt as follows: "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 907(a) renders illegal " . . . [possession of] any instrument of crime with intent to employ it criminally." The Commonwealth may establish a defendant's intent to utilize an instrument of crime in a criminal enterprise by

---

**7.** American Law Institute, Proposed Official Draft of the Model Penal Code, § 5.05(3) (1962).

circumstantial evidence, provided that the Commonwealth adduces more circumstantial evidence of intent than mere possession. *Commonwealth v. Moore,* 476 Pa. 19, 381 A.2d 845 (1978); *Commonwealth v. Hardick,* 475 Pa. 475, 380 A.2d 1235 (1977); *Commonwealth v. McHarris,* 246 Pa.Super. 488, 371 A.2d 941 (1977). In *Commonwealth v. Rios,* 246 Pa.Super. 479, 371 A.2d 937 (1977), our Court recognized that 18 Pa.C.S. § 907(a), in effect, proscribes conduct which has not yet reached the level of a substantial step towards completion of the intended crime, but which poses a danger of imminent serious crime. Thus, the legislature criminalized both possession of an instrument of crime with intent to employ it criminally and attempt not because such activity is dangerous in and of itself, but because the continuum starting with possession and then attempt threatens to lead directly and imminently to the completion of a crime.

In the instant case, we believe that 18 Pa.C.S. § 906 explicitly bars appellant's conviction and sentencing for both criminal attempt and possession of an instrument of crime. Appellant's conduct—nighttime entry into an enclosed Bell Telephone storage lot while in the possession of cable-cutting tools—was designed to culminate in the commission of only one crime: theft of Bell Telephone's cable.[8] Moreover, the policy behind 18 Pa.C.S. § 906 supports its application in the instant case. The harm in appellant's activity on November 16, 1975, resided not in the acts already accom-

8. Contrast *Commonwealth v. Gadson,* 234 Pa.Super. 648, 341 A.2d 189 (1975), in which our Court observed, in dictum, that § 906 did not bar multiple convictions for possession of an instrument of crime and for conspiracy when the trial court could find that the object of the possessory offense was assault and battery and the object of the conspiracy was riot and disorderly conduct. In our Court's only other encounter with § 906, we vacated, without explanation, a criminal conspiracy conviction while affirming convictions for burglary, theft, unlawful possession of an instrument of crime and a prohibited offensive weapon, and resisting arrest. See *Commonwealth v. Wallace,* 235 Pa.Super. 733, 345 A.2d 247 (1975). Wallace's result is of questionable validity after *Commonwealth v. Miller,* 469 Pa. 24, 364 A.2d 886 (1976), in which our Supreme Court held that the Crimes Code does not preclude separate convictions for conspiracy and the completed offense which was the target of the conspiracy.

plished, but in the danger that appellant would succeed in his criminal endeavor. Thus, as the Model Penal Code commentary observes, there is little reason to cumulate convictions for the two inchoate crimes charged against appellant. See Tentative Draft No. 10, supra. Accordingly, the lower court erred in convicting and sentencing appellant for both criminal attempt and possession of an instrument of crime. We order the judgments of sentence vacated and remand for resentencing by the lower court for either criminal attempt[9] or possession of an instrument of crime.[10] *Commonwealth v. Rios,* supra; *Commonwealth v. Lockhart,* 223 Pa.Super. 60, 296 A.2d 883 (1972).

Judgments of sentence vacated and case remanded for resentencing consistent with this opinion.

PRICE, J., dissents.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

---

9. In the instant case, appellant's attempted theft constituted a felony of the third degree. See The Crimes Code, supra; 18 Pa.C.S. §§ 3903, 905.

10. Possession of an instrument of crime is a misdemeanor of the first degree. The Crimes Code, supra; 18 Pa.C.S. § 907(a).