396 A.2d 436

**COMMONWEALTH of Pennsylvania**

**v.**

**Ronald JACKSON a/k/a Leonard Adderly, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1977.

Decided Dec. 22, 1978.

Leonard Sosnov, John W. Packel, Assistant Public Defenders, Philadelphia, for appellant.

Michael R. Stiles, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Appellant contends that the lower court erred when it: (1) did not dismiss the criminal charges against him, based upon a violation of Pa.R.Crim.P. 1100; (2) did not arrest judgment on the charge of possession of a screwdriver as an instrument of crime, due to insufficient evidence, and (3) convicted and sentenced him for two inchoate crimes, in violation of 18 Pa.C.S.A. § 906. Because we agree that the lower court illegally sentenced appellant, we vacate the judgments of sentence and remand for resentencing.

On September 9, 1975, Philadelphia police arrested appellant and filed a written complaint charging him with attempted theft of an automobile [1] and possession of a screwdriver as an instrument of crime.[2] Under Pa.R.Crim.P. 1100(a)(2),[3] the Commonwealth had to commence trial by March 8, 1976. In fact, trial did not commence until June 10, 1976, 274 days after the written complaint was filed. On

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334 § 1, eff. June 6, 1973; 18 Pa.C.S.A. §§ 3921, 901.

2. The Crimes Code, *supra*; 18 Pa.C.S.A. § 907(a).

3. Pa.R.Crim.P. 1100(a)(2) provides:
"(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

April 27, 1976, a calendar judge *sua sponte* determined that appellant was unavailable during a 99 day period from November 10, 1975, when the court issued a bench warrant against appellant, to February 17, 1976, when the court withdrew the bench warrant; accordingly, the judge set June 15, 1976 as the date by which the Commonwealth had to commence appellant's trial. Appellant's attorney orally raised the "possibility" that appellant was not served with a notice to appear in court on November 10, 1975, the day the court issued the bench warrant. Neither appellant's attorney nor the Commonwealth presented any testimony or documentary evidence on this issue. At no time before trial commenced on June 10, 1976, did the Commonwealth file a petition for extension of time pursuant to Rule 1100(c), or appellant file a written petition to dismiss charges pursuant to Pa.R.Crim.P. 1100(f).[4]

Testimony at appellant's non-jury trial on June 10, 1976, revealed the following facts. On September 9, 1975 at 9:45 p. m., when Mr. Jackie Watson left his 1968 Cadillac automobile parked directly in front of his home, the car doors were locked, the car windows were rolled up, the glove compartment door was closed, no wires hung down from the dashboard, and no roll of tape, screwdriver, or other tool was in the car. Shortly before midnight, Watson observed appellant inside his car and called the police. When two police officers arrived on the scene minutes later in response to Watson's call, they observed appellant lying down in the front of the car. They also observed that the glove compartment door was bent open, ignition wires were hanging down from the dashboard, and a screwdriver and a roll of tape were on the car floor near appellant. Appellant denied that he was ever in the car.

4. Pa.R.Crim.P. 1100(f) provides:

"(f) At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

On June 10, 1976, the lower court found appellant guilty of attempted theft of the Cadillac and possession of the screwdriver as an instrument of crime. On July 15, 1976, the court denied appellant's post-verdict motions,[5] and, on September 9, 1976, sentenced appellant to one and one-half to seven years imprisonment for attempted theft and, consecutive to that prison sentence, five years probation for possession of the screwdriver as an instrument of crime. This appeal followed.

Appellant first contends that we should discharge him because the Commonwealth violated Rule 1100. Initially, we do not believe that merely raising a "possibility" of an irregularity in the issuance of a bench warrant, without more, constitutes a motion to dismiss. *See Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974). More importantly, even assuming *arguendo* that the statement by appellant's counsel on April 27, 1976 was an oral motion to dismiss, we hold that appellant has waived this issue because he never filed a *written* application for dismissal under Rule 1100(f).[6] *Commonwealth v. Reynolds,* 254 Pa.Super. 454, 386 A.2d 37 (1978); *Commonwealth v. Webb,* 254 Pa.Super. 429, 386 A.2d 25 (1978).

Appellant next contends that a screwdriver is not an instrument of crime. We find no merit to this argument.

18 Pa.C.S.A. § 907 provides, in pertinent part:

**5.** With appellant's agreement, appellant's counsel made oral post-verdict motions on the record at the conclusion of the trial. Pa.R. Crim.P. 1123(b).

**6.** Accordingly, we do not reach the merits of appellant's Rule 1100 claim. We note, however, that our independent review of the record does not reveal whether appellant was properly notified to appear in court on November 10, 1976, the date the bench warrant was issued, or why the warrant was subsequently withdrawn. *See Commonwealth v. Cohen,* 481 Pa. 349, 392 A.2d 1327 (1978), where our Supreme Court remanded for a further determination of whether the Commonwealth was entitled to exclude the entire period between issuance and withdrawal of a bench warrant under Rule 1100(d)(1) where, as here, the appellant was already admitted to bail.

"(a) Criminal instruments generally.—A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.

.    .    .    .    .

"(c) Definitions.—As used in this section the following words and phrases shall have the meanings given to them in this subsection:

" 'Instrument of crime.'

"(1) Anything specially made or specially adapted for criminal use; or

"(2) anything commonly used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have."

We have held that a screwdriver is a common burglary tool for purposes of criminal possession of burglary tools. *Commonwealth v. Tatro,* 223 Pa. 278, 297 A.2d 139 (1972); *Commonwealth v. Herman,* 227 Pa.Super. 326, 328, 323 A.2d 228 (1974); *Commonwealth v. Collins,* 226 Pa.Super. 177, 313 A.2d 322 (1973). Screwdrivers are obviously of use to car thieves. *See e. g., Commonwealth v. Duffy,* 238 Pa.Super. 161, 353 A.2d 50 (1975); *Commonwealth v. Smith,* 233 Pa.Super. 535, 335 A.2d 814 (1975). In *Commonwealth v. Shannon,* 244 Pa.Super. 322, 327, 368 A.2d 742, 744 (1976), "appellant was  .    .    .    found in possession of tools that traditionally have been used by burglars *such as a screwdriver* .    .    .  ." (emphasis added). That evidence, together with eye-witness accounts of his looking in windows and attempting to open doors, was sufficient to sustain the defendant's conviction for possession of instruments of crime. *Id.*

In the instant case, appellant does not claim that he did not "possess" the screwdriver or that he did not intend "to employ it criminally.[7] On appeal, he claims only that a screwdriver is not an instrument of crime within the purview of the statute. Under *Commonwealth v. Shannon, supra,* we have no doubt that the screwdriver in appellant's possession, under circumstances clearly indicating his crimi-

**7.** *See* note 2 *supra.*

nal intent to steal an automobile, was an instrument of crime. Accordingly, we hold that the lower court had sufficient evidence to convict appellant of possession of an instru- ment of crime.

Finally, appellant contends that the lower court improperly convicted and sentenced him for two inchoate crimes, in violation of 18 Pa.C.S.A. § 906. We agree.

19 Pa.C.S.A. § 906 provides:

"A person may not be convicted of more than one offense defined by this chapter for conduct designed to commit or to culminate in the commission of the same crime." In *Commonwealth v. Crocker,* 256 Pa.Super. 63, 389 A.2d 601 (1978), we found that "[a]ppellant's conduct—nighttime entry into an enclosed Bell Telephone storage lot while in the possession of cable-cutting tools—was designed to culminate in the commission of only one crime: theft of Bell Telephone's cable." (footnote omitted). Under those circumstances and the express mandate of 18 Pa.C.S.A. § 906, we held that the lower court had erred when it convicted and sentenced the defendant for both attempted theft and possession of an instrument of crime and remanded the case for resentencing. *Id. Commonwealth v. Lockhart,* 223 Pa.Super. 60, 296 A.2d 883 (1972).

*Crocker, supra,* controls the instant case. Appellant's conduct—breaking into an automobile while in possession of a screwdriver and roll of tape—was designed to culminate in the commission of only one crime: theft of the automobile, 18 Pa.C.S.A. § 906 expressly prohibits the cumulation of convictions and sentences for inchoate crimes which are designed to culminate in the commission of the same crime. Accordingly, the lower court erred in convicting and sentencing appellant for both attempted theft and possession of an instrument of crime. We, therefore, order the judgments of sentence vacated and the case remanded for resentencing by the lower court for either attempted theft or possession of an instrument of crime.

Judgments of sentence vacated and case remanded for resentencing consistent with this opinion.

PRICE, J., dissents.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.