416 A.2d 539

**COMMONWEALTH of Pennsylvania**

v.

**Sidney JONES, Appellant.**

Superior Court of Pennsylvania.

Argued June 19, 1979.

Filed Dec. 7, 1979.

Marilyn J. Gelb, Philadelphia, for appellant.

Thomas J. McGarrigle, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, HOFFMAN and CATANIA, JJ.*

HOFFMAN, Judge:

Appellant contends that: 1) the evidence is insufficient to support the verdict; and 2) trial counsel was ineffective because he: a) was burdened by a conflict of interest caused by his representation of both appellant and a co-defendant; b) failed to object to a defective pretrial colloquy in which appellant waived the right to separate counsel; c) failed to object to a defective colloquy in which appellant waived his right to trial by jury; and d) failed to object that appellant was convicted and sentenced illegally for two inchoate crimes. We agree that counsel was ineffective for failing to object that appellant could not be convicted and sentenced for two inchoate crimes, remand for resentencing and otherwise affirm.

Appellant and his brother Harry jointly retained an attorney to defend against charges arising from their attack upon members of the Abrams family. Before trial, the court held a hearing to determine whether counsel could, without conflict of interest, represent both defendants and whether the defendants, when made aware of the risks of joint representation, desired to retain separate counsel. The court concluded that counsel could properly represent both defendants, and the defendants stated that they desired to proceed with jointly retained counsel. Appellant also waived the right to trial by jury. On March 8, 1978, the trial court convicted appellant of possession of an instrument of crime, conspiracy and four counts of simple assault. After denying post-verdict motions, the court sentenced appellant to concurrent terms of imprisonment of 2 to 5 years on two counts of assault and concurrent terms of 5 years probation on each

* President Judge FRANCIS J. CATANIA of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

of the other charges. Appellant obtained new counsel and filed this appeal.

■ Appellant contends that the evidence is insufficient to support the verdict. The Abrams testified that appellant and two of his brothers one night chased several members of their family home, where they threatened to kill the Abrams. The three brothers eventually left, but appellant warned that they would return. About five minutes later, the brothers returned. The Abrams met them on their porch. Appellant pushed one of the Abrams and a fight broke out in which four of the members of the Abrams family were stabbed or cut. Two of the victims testified that they were wounded by appellant's brother Harry, who had held a shiny object. The other two victims did not see who injured them. This evidence is clearly sufficient to prove conspiracy. *See Commonwealth v. Terebieniec*, 268 Pa.Super. 511, 408 A.2d 1120 (1979). It is also sufficient to prove possession of an instrument of crime, *see Commonwealth v. Wilcox*, 481 Pa. 284, 392 A.2d 1294 (1978) and simple assault, *see Commonwealth v. Belgrave*, 258 Pa.Super. 40, 391 A.2d 662 (1978), for both of which appellant is criminally liable as a conspirator. *See Commonwealth v. Tate*, 485 Pa. 180, 401 A.2d 353 (1979).

■ Appellant contends that trial counsel could not effectively represent him because his defense and that of his brother were inconsistent. *See generally Commonwealth v. Westbrook*, 484 Pa. 534, 400 A.2d 160 (1979) (plurality opinion). Harry's defense was that he acted in self-defense while appellant maintained that he had not struck anyone. These defenses are not antagonistic. Both brothers testified that they had been attacked by the Abrams and neither implicated the other. Thus, counsel was not laboring under a conflict of interest that would hamper effective representation. *See Commonwealth v. Williams*, 435 Pa. 550, 257 A.2d 544 (1969); *Commonwealth ex rel. Gallagher v. Rundle*, 423 Pa. 356, 223 A.2d 736 (1966).

■ Appellant argues that trial counsel was ineffective for not objecting that the pretrial colloquy, in which he waived the right to separate counsel, was defective.[1] We need determine the validity of such a colloquy only if a conflict of interest existed. *See Commonwealth v. Werner*, 217 Pa.Super. 49, 268 A.2d 195 (1970). Because we have concluded that there was no conflict of interest, appellant's claim is without merit. Consequently, trial counsel was not ineffective for failing to raise a baseless contention. *See Commonwealth v. Roach*, 479 Pa. 528, 388 A.2d 1056 (1978).

■ Appellant asserts that counsel was ineffective for failing to object to the colloquy in which he waived his right to trial by jury. According to appellant, the colloquy was defective because the court did not inform him of the possible sentences he could receive. Our Supreme Court has rejected an identical claim. *Commonwealth v. Boyd*, 461 Pa. 17, 334 A.2d 610 (1975). Thus, trial counsel was not ineffective on this issue.

Finally, appellant contends that he could not lawfully be convicted and sentenced for both possession of an instrument of crime and conspiracy, and that trial counsel was ineffective for failing to object to these convictions. 18 Pa.C.S.A. § 906 provides:

> A person may not be convicted of more than one offense defined by this chapter [Chapter 9 on inchoate crimes] for conduct designed to commit or to culminate in the commission of the same crime.

Appellant was convicted of two inchoate crimes, conspiracy and possession of an instrument of crime, and the Commonwealth does not dispute that the conduct underlying these offenses culminated in commission of the same crime, the attack on the Abrams. Further, this Court has held that § 906 bars conviction of both possession of an instrument of crime and attempt where such conduct culminates in commission of the same crime. *See Commonwealth v. Crocker*,

---

1. Because he is represented in this appeal by counsel other than trial counsel, appellant may challenge the effectiveness of trial counsel. *See Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58 (1978).

256 Pa.Super. 63, 389 A.2d 601 (1978); *Commonwealth v. Jackson,* 261 Pa.Super. 355, 396 A.2d 436 (1978). Nonetheless, the Commonwealth argues that, because *Crocker* was not decided until after appellant's trial, trial counsel could not have known of the validity of the claim until that time and, therefore, was not ineffective. *See Commonwealth v. Ray,* 483 Pa. 377, 396 A.2d 1218 (1979).

 Although no decision of this Court has interpreted § 906 at the time of appellant's trial, trial counsel should have recognized the validity of the claim appellant now raises. The language of the statute is clear, as is its application to the facts of the case. Thus, from the plain language of the statute, counsel should have realized that, for conduct culminating in the attack on the Abrams family, appellant could not lawfully be convicted of both possession of an instrument of crime and conspiracy.[2] Counsel could have had no rational reason for failing to object to conviction on both charges. *See Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). Accordingly, we conclude that trial counsel was in effective for failing to assert this claim.

**2.** Relying on dictum in *Commonwealth v. Zappacosta,* 265 Pa.Super. 71, 401 A.2d 805 (1979), the Commonwealth argues that § 906 does not bar conviction for conspiracy and possession of an instrument of crime based on conduct culminating in the same offense, and that the commentary to the corresponding Model Penal Code provision supports this conclusion. The commentary to Model Penal Code § 5.05(3) provides:

> The provision reflects the policy, frequently stated in these comments, of finding the evil of preparatory action in the danger that it may culminate in the substantive offense that is its object. Thus conceived, there is no warrant for cumulating convictions of attempt, solicitation and conspiracy to commit the same offense.

In *Commonwealth v. Crocker,* 256 Pa.Super. 63, 389 A.2d 601 (1978), this Court emphasized that the commentary to § 5.05(3) supported the conclusion that a defendant could not be convicted of both attempt and possession of an instrument of crime for conduct culminating in the same offense. *Accord, Commonwealth v. Jackson,* 261 Pa.Super. 355, 396 A.2d 436 (1978). Thus, the language of the statute and of the Model Penal Code commentary, and the holdings and rationale of *Crocker* and *Jackson,* repudiate the Commonwealth's argument.

We affirm the judgment on the charges of simple assault; vacate the judgments of possession of an instrument of crime and conspiracy; and remand to the trial court for resentencing for either possession of an instrument of crime or conspiracy. *See Commonwealth v. Crocker, supra; Commonwealth v. Jackson, supra.*