J-A13032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KEVIN LUSTER, | : | |
| | : | |
| Appellant | : | No. 1013 WDA 2015 |

Appeal from the Judgment of Sentence April 14, 2015
in the Court of Common Pleas of Allegheny County,
Criminal Division, No(s): CP-02-CR-0012070-2014

BEFORE: OLSON, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 30, 2016**

Kevin Luster ("Luster") appeals from the judgment of sentence imposed following his conviction of possessing instruments of crime ("PIC"). **See** 18 Pa.C.S.A. § 907(a). We affirm.

The trial court set forth the relevant underlying facts as follows:

Kimberly Nickens[] (hereinafter referred to as "Nickens")[] was home at her residence on Graham Boulevard in the Penn Hills Section of Allegheny County on August 22, 2014. [N.T., 4/14/15, at 5.] Nickens heard the doorbell ring at about 1:30 in the afternoon on that date. [**Id**. at 6.] Nickens was in the shower at that time, so she made no efforts to answer the door. [**Id**.]

After Nickens exited the shower, she again heard the doorbell ring. [**Id**.] She estimated the second time that the doorbell rang was approximately five to ten minutes after the doorbell rang the initial time. [**Id**.] Following the second ringing of the doorbell, Nickens heard two "bams" on the door and believed that someone was trying to kick the door in. [**Id**. at 7.] Nickens ran down the stairs where she observed a man turn and start going down her steps. [**Id**. at 8, 14.] Nickens described the attire of the man as odd, as it was a hot day, yet the individual had on a long-sleeve shirt, long pants and a hat. [**Id**. at 8-9.]

The man was also carrying a blue Giant Eagle bag at that time. [*Id*. at 9.] Nickens proceeded to call the police who found the individual within minutes[,] a few doors away[,] wearing the same clothing. [*Id*. at 9-10.] Nickens identified Luster as the individual who the police apprehended and as the person who had attempted to kick in her door. [*Id*. at 10.] Scuffmarks were visible on her door after Luster had been apprehended. [*Id*. at 11.] Those scuff marks had not been on the door beforehand. [*Id*.] Luster had sought to change his appearance, as the long-sleeve shirt and hat had now been placed into the blue Giant Eagle bag. [*Id*. at 10, 15.]

Police Officer[] Dennis Pape [("Officer Pape")] of the Penn Hills Police Department also testified at trial. [*Id*. at 16.] Officer Pape responded to the call that had been placed by Nickens. [*Id*. at 16-17.] Officer Pape testified that Luster fit the description that had been provided to them of the prowler. [*Id*. at 17.] Upon detaining Luster, visible through the blue Giant Eagle bag were a screwdriver and chisel. [*Id*. at 17-18.] When told by Officer Pape that the Officer was going to bring the witness to the scene, Luster stated that "You can go get that woman and bring her down." [*Id*. at 18.] [] Officer [Pape] had never identified the witness as either a male or female at the time that Luster made the above statement. [*Id*.]

Trial Court Opinion, 1/25/16, at 2-4.

Luster was charged with one count each of criminal attempt (burglary) and PIC. The case proceeded to a bench trial, after which the trial court acquitted Luster of criminal attempt, but found him guilty of PIC. The trial court sentenced Luster to eighteen to thirty-six months in prison, followed by two years of probation. Luster filed a Post-Sentence Motion, which was denied.

Luster filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

On appeal, Luster raises the following questions for our review:

I.      Did the Commonwealth prove beyond a reasonable doubt that [Luster], a handyman, intended to employ his handyman tools in a criminal manner to sustain a conviction of possessing instruments of crime when he merely rang the doorbell, pounded on the door, and walked away?

II.     Did the Commonwealth prove beyond a reasonable doubt that [Luster's] handyman tools were instruments of crime when [Luster] worked as a handyman and merely walked down the street after ringing the doorbell and pounding on someone's front door?

Brief for Appellant at 4 (some capitalization omitted).

Our standard of review when considering a challenge to the sufficiency of the evidence is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial the in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

***Commonwealth v. Talbert***, 129 A.3d 536, 542-43 (Pa. Super. 2015)

(citation omitted).

The Crimes Code provides that "[a] person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally." 18 Pa.C.S.A. § 907(a). Section 907 defines instruments of crime as, *inter alia*, "[a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." ***Id***. § 907(d).

"[I]t is the actor's criminal purpose that provides the touchstone of his liability for possessing an instrument of crime." ***Commonwealth v. Andrews***, 768 A.2d 309, 317 (Pa. 2001) (citation omitted); ***see also Commonwealth v. Naranjo***, 53 A.3d 66, 71 (Pa. Super. 2012) (holding that the PIC statute does not require that a crime be completed; the focus is on whether the defendant possesses the instrument for any criminal purpose). Further, an intent to use tools found in the possession of an accused for some criminal purpose "need not be directly proved, but may be inferred from the circumstances surrounding the incident out of which the charges arise." ***Commonwealth v. Hardick***, 380 A.2d 1235, 1237 (Pa. 1977); ***see also Commonwealth v. Santiago***, 980 A.2d 659, 662 (Pa. Super. 2009) (stating that wholly circumstantial evidence is sufficient to support a conviction of PIC). However, while "criminal intent can be inferred beyond a reasonable doubt from the surrounding circumstances, it cannot be inferred from mere possession." ***Commonwealth v. Foster***, 651 A.2d 163, 165 (Pa. Super. 1994).

We will address Luster's claims together. Luster contends that the evidence is insufficient to sustain his PIC conviction because "the Commonwealth failed to present evidence of how [he] intended to use the screwdriver and chisel for a criminal purpose." Brief for Appellant at 10. Luster also asserts that the evidence was insufficient to demonstrate that the tools were instruments of crime.[1] *Id*. at 21, 23. Luster argues that the evidence, viewed in a light most favorable to the Commonwealth, demonstrated that he rang the doorbell, banged on the door, and then left the residence while carrying the screwdriver and chisel in a bag. *Id*. at 13, 18, 20, 25. Luster claims that he was a handyman and did not intend to commit a crime. *Id*. at 13, 23, 25; *see also id*. at 22 (wherein Luster claims that the Commonwealth failed to prove that the tools were used in the context of a burglary because he was acquitted of criminal attempt (burglary)). Luster argues that no evidence was presented that he had removed the tools from his bag, that he used the tools on the door, or that he was attempting to hide the tools. *See id*. at 10, 16, 23, 24; *see also id*. at 13-14, 16-17, 18-19, 24 (noting that the incident occurred in the early afternoon hours, when witnesses would be around to observe someone

---

[1] We note that Luster does not dispute that he was in possession of the chisel and screwdriver at the time of his arrest, nor does he dispute that such tools, if possessed under circumstances indicating a criminal intent, may be classified as instruments of crime for purposes of section 907. *See* Brief for Appellant at 21 (citing ***Commonwealth v. Jackson***, 396 A.2d 436, 438 (Pa. Super. 1978) (stating, *inter alia*, that "[s]crewdrivers are obviously of use to car thieves.")).

breaking into a home, and that no one observed Luster sneaking around the residence); 15 (arguing that there was no indication that he caused the scuffmarks on Nickens's door); 19 (stating that he removed his long-sleeved shirt and baseball cap because he was warm). Luster further points out that he cooperated with the police investigation. *Id*. at 10, 14, 19, 20, 23.

The trial court addressed Luster's sufficiency claim, in light of the above-stated testimony, as follows:

> The evidence here established that Luster possessed a screwdriver and a chisel with the intent to use them criminally. He twice rang the doorbell of a home. These rings were approximately five to ten minutes apart. He then twice apparently kicked or banged forcefully on the door. It was only when he observed the homeowner approaching that he turned and walked away. He later removed his shirt and hat and placed them into the bag along with the tools …. He admitted to the police that the witness against him was a female, supporting the premise that he knew who had seen and identified him as the prowler detained by the police. Under the totality of the circumstances, the evidence establishes Luster's guilt for the crime of possessing instruments of crime.

Trial Court Opinion, 1/25/16, at 4-5.

Viewing the evidence, and all reasonable inferences to be drawn therefrom, in the light most favorable to the Commonwealth as the verdict winner, we agree with the trial court that Luster possessed the tools with the requisite intent to employ them criminally, and adopt the court's foregoing reasoning on appeal. *See id*.; ***Commonwealth v. Brubaker***, 5 A.3d 261, 263 (Pa. Super. 2010) (stating that, when reviewing a sufficiency claim, this Court must view the evidence in the light most favorable to the verdict

winner and give the prosecution the benefit of all reasonable inferences); *see also Commonwealth v. Morgan*, 401 A.2d 1182, 1191 (Pa. Super. 1979) (noting that appellant's possession of wirecutters was sufficient to support a PIC conviction based on appellant's action of ringing the front doorbell two times before proceeding to the back door, where he cut a hole in the screen door near the latch, and his explanation to the police for his actions was not credible); *Commonwealth v. Dalahan*, 396 A.2d 1340, 1343 (Pa. Super. 1979) (rejecting a defendant's sufficiency challenge where his conviction of PIC was supported by logical inferences to be drawn from the Commonwealth's entirely circumstantial evidence that the defendant was discovered crouching down in alleyway at 3:30 a.m.; immediately adjacent to him was a tire iron; a window to the business appeared to have been pried open; and the defendant's explanation for his presence was entirely inconsistent with other facts); *Jackson*, 396 A.2d at 437, 438 (holding that there was sufficient evidence to sustain the defendant's PIC conviction where he was found lying down in the front seat of a car late at night; police saw ignition wires hanging down from beneath the dashboard; and a screwdriver, which the court found to properly be classified as an "instrument of crime" under the circumstances, was found on the car floor near the defendant).

We note the following as an addendum. Luster argues that he was merely a handyman carrying his tools in a bag, which he contends, demonstrates that he did not possess the tools with any criminal intent.

Here, the trier of fact was free to disbelieve this testimony. ***See Talbert***, 129 A.3d at 543. Indeed, based upon Luster's actions, and the circumstances surrounding the incident, the trier of fact inferred that Luster intended to utilize the tools for a criminal purpose, not as a handyman. Furthermore, the mere fact that the incident in question occurred in the afternoon, as opposed to nighttime, does not demonstrate a lack of criminal intent. Based upon the foregoing, Luster's challenge to his PIC conviction fails.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2016