392 A.2d 1294

COMMONWEALTH of Pennsylvania

v.

John WILCOX, Appellant (two cases).

Supreme Court of Pennsylvania.

Argued April 21, 1978.

Decided Oct. 5, 1978.

David Cohen, Philadelphia, for appellant.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Robert B. Lawler, Chief, Appeals Div., Gaele McLaughlin Barthold, Asst. Dist. Attys., Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, John Wilcox, was convicted in the Court of Common Pleas of Philadelphia of murder of the second degree and possession of an instrument of crime. He was sentenced to imprisonment for ten to twenty years for the murder conviction and two to four years for possession of an instrument of crime, the sentences to run concurrently. He appealed the judgment of sentence for murder to this court and appealed the judgment for possession of an instrument of crime to the Superior Court, which certified the appeal to this court. While the case was initially pending before us, a witness, Leroy Smith, who identified appellant at trial, executed an affidavit in which he recanted his testimony. On May 10, 1977, we remanded the case to the trial court for a ruling on whether the recantation entitled appellant to a new trial. The court held that it did not. Appellant appealed that ruling to this court. The issues raised in the original appeal remain before us.

■ Appellant first argues that the evidence is insufficient to sustain the verdict. In *Commonwealth v. Rose*, 463 Pa. 264, 344 A.2d 824 (1975), we set forth the applicable standard of review. We stated that:

"The test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing the proper inferences favorable to the Commonwealth, the trier of fact could reasonably have found that all of the elements of the crime had

been established beyond a reasonable doubt. . . . Moreover, it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. . . . The fact-finder is free to believe all, part, or none of the evidence. . . ." (Citations omitted.)

We will review the evidence in the above light.

On December 24, 1973, at approximately 10:00 p.m., Samuel Mack, accompanied by Leroy Smith and Kevin Jackson, was walking in the vicinity of the intersection of Broad Street and Girard Avenue in Philadelphia. Four assailants attacked Mack, one of them inflicting a fatal stab wound in the chest. The assailants immediately fled. Smith and Jackson began to give chase but Deborah Frazier, an eyewitness persuaded them to remain at the scene to aid Mack.

Appellant was subsequently arrested. The police showed Smith, Jackson and Frazier an array of photographs on January 8, 1974, and the above witnesses viewed a lineup on January 17, 1974. On both occasions Smith and Jackson identified appellant as the one who stabbed Mack. They identified him again at trial and said that they were positive that he was the killer, although they admitted they viewed him for no more than ten seconds at the scene of the crime. Frazier told police that no one whose photograph was shown to her or who was in the lineup had killed Mack. Testifying for the defense at trial, she said that she saw the killer, that she could recognize him if she saw him again and that it was not appellant. Appellant also presented several alibi witnesses.

The evidence was sufficient under the *Rose* standard to sustain the verdict. The testimony of Smith and Jackson, if believed, establishes that appellant stabbed Mack. It was permissible for the jury to believe their testimony instead of that of Frazier and the alibi witnesses.

Appellant next argues that Smith's and Jackson's identification of appellant should have been suppressed. He alleges several reasons why it was improper. In reviewing the suppression court's determinations, we will consider only the

evidence of the Commonwealth and the uncontradicted evidence of appellant. *Commonwealth v. Kichline*, 468 Pa. 265, 361 A.2d 282 (1976).

The first reason advanced by appellant for attacking the identification is that he was not adequately represented by counsel at the lineup. We do not agree.

A lineup is a critical stage at which a suspect is entitled to counsel. *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Two public defenders acted on appellant's behalf at the lineup. Appellant alleges that the requirement of *Wade* was not satisfied because the defenders did not officially represent him and were there only for the lineup with no intention of representing appellant afterward. Appellant's contention is meritless. A suspect's right to counsel at a lineup may be met by the presence of public defenders who do not officially represent him but who take an active part in the proceedings. *Commonwealth v. Shoatz*, 469 Pa. 545, 366 A.2d 1216 (1976). Philadelphia Police Lt. Bernard Margolis, who conducted the lineup, testified that the defenders took advantage of opportunities to interview appellant and seven fill-ins for the lineup, eliminate two fill-ins, and designate the position in which each participant would stand. We find that this showed competent representation that met the requirements of *Wade*.

The second argument for suppression of the identification is that the photographic array was impermissibly suggestive. We do not agree.

Smith and Jackson chose appellant's photograph from among twenty they viewed. Philadelphia Police Detective Richard Beswick testified that he supervised the photographic identification and that the witnesses chose appellant's photograph without any suggestion being made to them as to who the photographed individuals were or which one was the suspect. The basis of appellant's claim of suggestiveness is that appellant's image was larger than that of the other individuals. We do not find the difference

in size of images to have caused improper identification. Smith testified that he did not notice any such difference in the photographs. Jackson testified that appellant's image was slightly larger than the others but that his identification was not influenced by the slight difference. We find that the identification was not tainted by the size of the image. The suppression court observed the photographs and found that appellant's image was slightly larger but not so disproportionately as to be impermissibly suggestive. The photographs accompany the record before us. Seven of the twenty prints are the same size. The appellant's image is slightly larger than the other six prints. The remaining thirteen photographs are facial close-ups and profile views. The facial close-ups are substantially larger than that of appellant's image. On the basis of our own observation, we agree with the suppression court.

Appellant next argues that a spontaneous identification made by Jackson was improper. While Jackson was in the police station on January 9, 1974, appellant walked by him in the custody of the police. Jackson told police that appellant was the killer. The undisputed evidence shows that the incident was accidental and not contrived. Under such circumstances, a spontaneous identification is proper. *Commonwealth v. White*, 447 Pa. 331, 290 A.2d 246 (1972).

Appellant's next allegation of error concerning the identification is that the lineup was impermissibly suggestive. He argues in part that it was tainted by the alleged improprieties discussed *supra*. Since we have rejected his claims of impropriety, we find no taint.

Appellant next argues that he stood out in the lineup because the other members of the line-up were older than he was. Appellant was sixteen, two of the fill-ins were twenty, one was twenty-two, one was twenty-four and one was twenty-seven. However, everyone in the lineup was similar in height, weight and appearance and was similarly dressed. In view of these circumstances, we find that the age difference did not render the lineup impermissibly suggestive.

Appellant next argues that the trial court gave an improper charge on how the identification evidence was to be treated by the jury. We do not agree.

The court told the jury that it could treat the identification as a statement of fact and refused to give appellant's requested instruction that it must be received with caution. The court acted properly in view of the fact that the witnesses were positive in identifying appellant, remained so even after cross-examination, and did not at any time fail to make an identification. *Commonwealth v. Pitts*, 450 Pa. 359, 301 A.2d 646 (1973).

The final issue is the question of recantation by Leroy Smith of his identification of appellant as Mack's killer. After the trial in the instant case, Smith was convicted of murder of the first degree in an unrelated case. Smith and appellant were incarcerated at the same prison. After they had met there, Smith executed an affidavit in which he stated that he had doubt about the identification. At the subsequent hearing, he said that when he made his identification, he was positive about it. He still did not maintain that appellant could not have been guilty. He said only that some doubt had entered his mind since he had talked to appellant in prison. We agree with the trial court's denial of a new trial. In *Commonwealth v. Coleman*, 438 Pa. 373, 264 A.2d 649 (1970), we held that a trial court's decision on whether to grant a new trial on the basis of recantation by a prosecution witness was not to be interfered with, except in the case of a clear abuse of discretion. We said that recantation was to be considered the least reliable form of proof. We find no abuse of discretion in this case. It involves a question of differing accounts of how positive Smith was in his identification. The court acted within its discretion in not crediting Smith's new story. See *Commonwealth v. Sanabria*, 478 Pa. 22, 385 A.2d 1292 (1978). Jackson has not retracted his identification. The evidence could

support a guilty verdict, even with the recantation. We find the recantation evidence unconvincing.

The judgments of sentence are affirmed.

EAGEN, C. J., and ROBERTS, J., concur in the result.