398 A.2d 636

**COMMONWEALTH of Pennsylvania**

v.

**Maxie NELSON, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 18, 1979.

Decided March 14, 1979.

Stephen Joel Folkman, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., William C. Turnoff, Asst. Dist. Atty., Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Maxie Nelson, was convicted in the Court of Common Pleas of Philadelphia of murder of the first degree, aggravated robbery and burglary. He was sentenced to imprisonment for life for the murder conviction and ten-to-twenty years each for the robbery and burglary convictions, the sentences to run concurrently. He has appealed the judgment of sentence for murder to this court, and the judgments of sentence for robbery and burglary to the Superior Court, which certified that appeal to this court.

Appellant was accused of having been involved in an incident at the home of Joseph Glenn of Philadelphia on December 26, 1971. Glenn testified that he was home, watching television, at approximately 4 p. m., when his doorbell rang. He opened the door and Elton Cousin, the decedent, forced his way in at gunpoint, announcing a stickup and telling Glenn to lie on the floor. He removed a ring from Glenn's finger and then attempted to handcuff Glenn's right wrist and remove his wristwatch. The doorbell rang again; Cousin said it was his partner. Glenn began struggling with Cousin. As the struggle took them to an enclosed front porch, someone fired a shot through the front door, wounding Glenn in the shoulder. Glenn spun

Cousin around to use him as a shield. Several more shots were fired, three of which struck Cousin and killed him.

Glenn stated that he saw appellant fleeing the scene immediately after the shooting. Clinton Johnson, a neighbor who was across the street, said that he heard glass breaking and saw two men fleeing, one of whom was limping. Detective Joseph Cleary testified that appellant was limping when he interviewed him on January 12, 1972. Fannie Oquendo, another neighbor, testified that she was in the street washing her car when she saw a man whom she could not identify approach Glenn's home. She subsequently heard shooting and glass breaking.

Appellant was arrested, in the company of William Hagans, on January 7, 1972, for driving a stolen car. A .38 caliber revolver was taken from Hagans, who testified that he got the gun from appellant on January 3, 1972. Ballistics tests showed the bullet that wounded Glenn and a bullet that was removed from the wall of Glenn's porch were fired from that gun. The bullets that killed Cousins were determined to be .38 caliber. However, they were too fragmented for a determination to be made as to the specific gun from which they were fired. Appellant admitted in a statement that he drove Cousin to the scene of the Glenn robbery-burglary.

The only issue to be decided is whether appellant is entitled to a new trial on the basis of Hagans' recantation of his testimony connecting appellant to the murder weapon. Hagans said in a written statement given to defense counsel after the trial that he did not receive the gun from appellant. Appellant moved for a new trial on that basis and Hagans later testified at a hearing that he did not get the gun from appellant. The trial court denied the motion.

Recantation testimony is considered extremely unreliable. The trial court is to deny a new trial unless satisfied that the recantation is true and an appellate court is not to disturb the decision unless there is clear abuse of discretion. *Commonwealth v. Coleman,* 438 Pa. 373, 264 A.2d 649 (1970). It is up to the trial court to judge the credibility of the

14

recantation. *Commonwealth v. Sanabria,* 478 Pa. 22, 385 A.2d 1292 (1978). We find that it was proper for the court to discredit Hagans' recantation and that there was no abuse of discretion. The trial court's decision is also supported by the other evidence linking appellant to the scene of the crime. See *Commonwealth v. Wilcox,* 481 Pa. 284, 392 A.2d 1294 (1978).

The judgments of sentence are affirmed.

For the reasons set forth in *Commonwealth v. Mosteller,* 446 Pa. 83, 284 A.2d 786 (1971), Mr. Justice Roberts agrees with the majority that appellant's recantation claim does not warrant a new trial.