411 A.2d 1239

COMMONWEALTH of Pennsylvania

v.

**Patrick Augustine McCLOSKEY, Appellant.**

Superior Court of Pennsylvania.

Argued April 9, 1979.

Filed Oct. 12, 1979.

585

Robert P. Rea, Hollidaysburg, for appellant.

Patrick J. Kiniry, Assistant District Attorney, Ebensburg, submitted a brief on behalf of Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

Patrick McCloskey was found guilty by a jury of burglary and robbery. The victim, Mary Wahl, had been rendered unconscious by the intruder and was not able to identify or describe him. The only evidence connecting McCloskey to the several crimes committed was the testimony of Lawrence Cristy. Cristy, an inmate with McCloskey at the Cambria County Prison, testified that McCloskey had admitted involvement in the crime to him. The jury rejected the testimony of several alibi witnesses called by the defense and accepted Cristy's testimony. Following the trial, Cristy recanted. McCloskey's motion for new trial was based primarily, but not exclusively, on this recantation. The court below denied the motion for new trial and imposed sentence. McCloskey appealed.[1]

1. Appellant also argued on appeal that (1) the verdict was against the weight of the evidence; (2) the trial court allowed the Commonwealth to introduce improper rebuttal testimony; and (3) the sen-

■ A new trial will be awarded on the basis of after discovered evidence where the evidence in question:

"(1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely for impeaching credibility of a witness; and (4) is of such nature and character that a different verdict will likely result if a new trial is granted."

*Commonwealth v. Valderrama*, 479 Pa. 500, 505, 388 A.2d 1042, 1045 (1978). Accord: *Commonwealth v. Mosteller*, 446 Pa. 83, 284 A.2d 786 (1971); *Commonwealth v. Vickers*, 260 Pa.Super. 469, 394 A.2d 1022 (1978).

■ As a general rule, recanting testimony is exceedingly unreliable, and a new trial should not be awarded on the basis of such testimony unless the trial court satisfies itself that the testimony is true. *Commonwealth v. Starks*, 484 Pa. 399, 399 A.2d 353 (1979); *Commonwealth v. Nelson*, 484 Pa. 11, 398 A.2d 636 (1979). This decision is within the sound discretion of the trial court, and it will not be reversed in the absence of a clear abuse thereof. *Commonwealth v. Nelson*, supra; *Commonwealth v. Mosteller*, supra.

■ At a hearing held on appellant's motion for new trial, Cristy testified that he had lied under oath at appellant's trial. He said that he had never had any conversation with appellant about crimes committed at the Wahl home. Subsequently, Cristy entered a plea of guilty to a charge of perjury arising from his false trial testimony. During the guilty plea colloquy Cristy repeated the falsity of his testimony and told the judge, who had also presided at appellant's trial, that he had no knowledge concerning the crimes for which appellant had been found guilty. The court found a factual basis for a plea of guilty to perjury and accepted the same.

tence should be vacated because the lower court did not state its reasons for the sentence. In view of our disposition, we need not reach these issues.

Under these circumstances, we are of the opinion that appellant should have been awarded a new trial. The only testimony connecting him with the crime had been recanted. Moreover, the witness against him had entered a plea of guilty to perjury because of the testimony which he had given, and the court had found a factual basis for and had accepted such plea of guilty. These circumstances suggest that appellant's conviction had, in fact, been based on perjured testimony. Consequently, we are forced to the conclusion that it was an abuse of discretion to deny appellant's motion for new trial.

Reversed and remanded for a new trial.

CERCONE, President Judge, files a concurring opinion.

CERCONE, President Judge, concurring:

The instant appeal arises from appellant's conviction for robbery of an elderly woman and the burglary of her home in Gallitzin, Pennsylvania on Sunday night November 9, 1975. Because the victim was rendered unconscious by one of the intruders as soon as she discovered him, she was not able to identify her assailant at trial.[1] The only testimony which identified appellant as the culprit was provided by a former friend, Lawrence Cristy. Cristy testified that appellant displayed a wad of money to him the day after the robbery ($5,000 was stolen), and stated that he had robbed the old woman.

Appellant presented three witnesses in support of his alibi defense, two friends from Altoona and his father. The two friends testified that appellant had been in their company in an apartment in Altoona from Friday evening, November 7, until Monday morning, November 10, 1975. According to them, during that period of time appellant, and numerous other persons who were present intermittently, enjoyed a virtually continuous party. Appellant's father also testified that appellant was away from home in Gallitzin over the

---

1. The victim recalled partially regaining consciousness and being held face down by one man while at least one other person ransacked her home. She then relapsed into unconsciousness.

weekend in question and returned home Monday morning. Upon his return, his father informed him of Mrs. Wahl's being robbed, to which news appellant allegedly responded that he was glad he had been in Altoona or he would have been blamed for the crime. After offering the testimony of a fellow inmate to the effect that Cristy held some animosity for appellant, which Cristy had previously denied, the defense rested.

At this juncture, in rebuttal, the Commonwealth produced two additional witnesses, Detective James Cubeta and Miss Elaine Kulick. The detective testified that, after appellant had been arrested, he admitted having been in Gallitzin on Saturday night, November 8, but denied having been in Gallitzin the following evening, the night of the crime. Thus, part of appellant's alibi defense had been contradicted by his own admission. Miss Kulick, a teenager who lived in Gallitzin, did even greater damage to appellant's defense. She testified she saw appellant and a black male walking on a street in Gallitzin near Mrs. Wahl's home approximately at dusk on the night Mrs. Wahl was beaten and her home burglarized. Miss Kulick said she remembered that night particularly because it had been her brother's birthday. She further fortified her credibility by explaining that she had voluntarily come forward with this evidence when she learned appellant's defense was going to be that he was not in Gallitzin at any time on the day in question.

On the foregoing evidence, the jury returned a verdict finding appellant guilty of the crimes of robbery and burglary.

Following appellant's trial, but before his sentencing, Cristy announced to an investigator appellant's family had hired that he had lied at trial. Consequently, in conjunction with appellant's post-verdict motions, a recantation hearing was held on the basis of this after-acquired evidence. At this proceeding, during which he was represented by counsel, Cristy testified that his testimony at trial had been false in all material respects, that he had never had any conversation with appellant during which appellant admitted having com-

mitted the crimes. On the contrary, Cristy continued, he knew appellant had not robbed Mrs. Wahl because he, himself, had robbed her and burglarized her home. In light of this unexpected confession, Cristy's counsel moved that Cristy's entire testimony be stricken because of his medical history of psychosis and drug abuse. The court denied this motion, but agreed to terminate the hearing on appellant's post-verdict motions because of the unpredictability of Cristy's responses to questions, and the fear he might further incriminate himself of crimes other than perjury. Decision on the post-trial motions was reserved; however, the court ordered the Commonwealth to charge Cristy with perjury and the Commonwealth complied, specifically alleging Cristy committed perjury at appellant's trial. The Commonwealth also charged Cristy with the Wahl robbery and burglary, but these charges were subsequently nol prossed.

Cristy's reversals of his story continued at his trial for committing perjury. Although he pleaded guilty to that charge, he testified in order to establish a factual basis for the plea pursuant to Pa.R.Crim.P. 149(b) & Comment. Among his admissions at his perjury trial were three new alterations of the testimony he had offered at either appellant's trial or at the recantation hearing in connection with appellant's post-verdict motions. First, he stated that his fabricated trial testimony had been induced by the prosecution's promises of favorable treatment concerning his own criminal conviction—a direct contradiction of this denial of such promises when he testified at appellant's trial.[2] Second, although he reiterated that he had never discussed the Wahl robbery with appellant, he denied having committed the crime himself—a direct contradiction of his testimony in that regard at the recantation hearing. And, third, in order to explain why he had told such a gross and self-in-

2. It should be noted that this statement obviously implied that either the district attorney's office or the police were culpable for knowingly countenancing perjurious testimony at appellant's trial with regard to promises of leniency. Such conduct on the part of the Commonwealth would be violative of appellant's constitutional rights as enunciated in *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959) and numerous other cases.

criminatory lie at the recantation hearing, Cristy stated appellant's family had made certain promises to him to persuade him to recant—another direct contradiction of his denial of such promises at the recantation hearing. In accepting Cristy's guilty plea, the court, mercifully, sentenced him only to four years probation in light of the sentence he was already serving.[3] Thereafter, the court entered the order denying appellant's post-trial motions from which this appeal was taken.

On the basis of the foregoing events, the majority finds the court below clearly abused its discretion in not granting appellant a new trial. I would be inclined to disagree with that conclusion had Cristy pleaded guilty to perjury pursuant to .the Crimes Code, 18 Pa.C.S. § 4902(e) (1973) which provides:

"Inconsistent statements.—Where the defendant made inconsistent statements under oath or equivalent affirmation, both having been made within the period of the statute of limitations, the prosecution may proceed by setting forth the inconsistent statements in a single count alleging in the alternative that one or the other was false and not believed by the defendant. In such case it shall not be necessary for the prosecution to prove which statement was false but only that one or the other was false and not believed by the defendant to be true."

Ordinarily, I would not find an abuse of discretion in denying a new trial because it is impossible to determine from the record alone which of Cristy's versions of the facts was true. The only thing that is apparent from the bare record is that several versions necessarily were false by sheer contradiction. Under such circumstances, had Cristy been convicted of perjury by inconsistent statements, I would defer to the judgment of the jury who assayed Cristy's credibility at appellant's trial, and to the judgment of the court at the recantation hearing which, necessarily, found

3. . This conviction, under Pennsylvania law, renders Cristy incompetent from testifying at any future trial of appellant. The Judicial Code, 42 Pa.C.S. § 5912 (1979).

Cristy's recantation testimony incredible in denying appellant's post-verdict motions. See *Commonwealth v. Starks*, 484 Pa. 399, 399 A.2d 353, 359 (1979); *Commonwealth v. Nelson*, 484 Pa. 11, 398 A.2d 636, 637 (1979); *Commonwealth v. Scull*, 200 Pa.Super. 122, 186 A.2d 854 (1963). I would be comfortable in giving wide berth to the lower court's assessment of Cristy's recantation testimony, especially because appellant's family may have tampered with Cristy following appellant's trial, and because appellant's alibi witnesses very likely fabricated at least part of their testimony at trial in order to aid appellant's defense.[4] See generally 29 Am. Jur.2d, *Evidence* § 292 (1967).

In the instant case, however, that course has been foreclosed. The criminal complaint charging Cristy with perjury did not allege inconsistent statements under the Crimes Code section quoted above; instead, the complaint specifically alleged that Cristy falsely testified "one Patrick A. McCloskey had admitted to him that the said Patrick A. McCloskey had committed an aggravated assault and robbery upon one Mary Whal [sic] and that he had in fact burglarized the Whal home in Gallitzin on or about November 10, 1975." Furthermore, the very judge who had presided at appellant's trial and found an adequate basis for Cristy's perjury plea of guilty, subsequently denied appellant's post-verdict motions. Under such circumstances, even those jurisdictions which are most strict in allowing new trials based on recanted testimony would afford appellant a new trial. See 58 Am.Jur.2d, *New Trial* § 175 (1971).

4. It should be noted that we could not find an abuse of discretion at this juncture had the court denied appellant's post-trial motions prior to accepting Cristy's guilty plea to perjury. By Cristy's own admission, he had lied during the recantation hearing held in conjunction with appellant's post-trial motions, and it is entirely possible that the presiding judge detected those lies from Cristy's demeanor. If that had been the case, we certainly could not have concluded it was an abuse of discretion for the judge presiding at the hearing to apply the principle of *falsus in uno, falsus in omnibus*, and to conclude Cristy's entire recantation testimony was false. The paradox would have been more complex if the fact-finder at the recantation hearing had been a different judge from the one who presided at Cristy's guilty plea to perjury. Fortunately, that situation did not arise in this case and remains problematical.

592

Consequently, I agree with the majority that appellant's conviction in this case cannot stand, the judgment of sentence must be reversed, and the case remanded for a new trial.