412 A.2d 630

**COMMONWEALTH of Pennsylvania**

v.

**Robert THOMPSON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed Oct. 19, 1979.

---

1. We express no opinion upon the post-verdict court's statutory construction.

Leonard N. Sosnov, John W. Packel, Assistant Public Defenders, Chief, Appeals Division, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, HOFFMAN and CATANIA,* JJ.

HOFFMAN, Judge:

Appellant contends that the trial court abused its discretion in refusing to grant a new trial after the complaining

* President Judge FRANCIS J. CATANIA of the Court of Common Pleas of Delaware County, is sitting by designation.

witness recanted her testimony that appellant had raped her.  We disagree and, accordingly, affirm.

On January 31, 1978, a court sitting without jury convicted appellant of rape, corruption of a minor, statutory rape and terroristic threats.  After denying post-verdict motions, the trial court sentenced appellant to a term of imprisonment of 11½ to 23 months for corruption of a minor, a concurrent term of probation of 8 years for rape and statutory rape and a concurrent term of probation of 5 years for terroristic threats.  This appeal followed.

Joan Barbi, the victim, was appellant's 11 year old stepdaughter.  She testified that appellant took her to the home of a third person, forced her to enter a bedroom, pushed her onto a bed, pulled down her pants and raped her.  Later, Joan went to the kitchen.  There, appellant and a codefendant forced her to lie on the floor and each touched her vagina.  Appellant threatened to kill Joan if she told anyone about the incident.  Twelve days later, Joan reported the incident to her mother, who alerted the police.

On February 13, 1978, Joan wrote a card to her mother, asserting that she had lied at the trial held two weeks earlier.  Based on this evidence, appellant filed a motion for a new trial.  On April 11, 1978, the trial court held a hearing *in camera* and questioned Joan.  She confirmed her trial testimony in all respects except that she then claimed that appellant had not raped her but had only exposed himself after forcing her down on the bed and removing her pants.  Joan stated that she would not lie to help her father get out of jail, but admitted that she loved appellant, wanted him released from prison, knew that her mother, sister and brothers were angry with her because of her trial testimony and wished to recant in order to mollify her family.  The trial court concluded that Joan had testified truthfully at trial and denied appellant's request for a new trial.

The trial court considered that recantation testimony is unreliable and that Joan was both motivated and under

pressure to lie at the hearing. We cannot say that the trial court's decision was a clear abuse of discretion. *See Commonwealth v. Nelson*, 484 Pa. 11, 398 A.2d 636 (1979).

Appellant relies on *Commonwealth v. Mosteller*, 446 Pa. 83, 284 A.2d 786 (1971) and *Commonwealth v. Krick*, 164 Pa.Super. 516, 67 A.2d 746 (1949). In *Mosteller*, the Court ordered a new trial where the appellant's 15 year old daughter recanted her testimony entirely. She had testified that the appellant had raped her, but a medical examination failed to reveal any sign of penetration, the girl's mother testified that the victim had not appeared disturbed or upset after the incident and, at the recantation hearing, the victim stated that certain of her relatives had pressured her into testifying against her father. In *Krick*, this Court awarded a new trial to the appellant convicted of rape where the 12 year old victim recanted her trial testimony against him. There, the girl had complained of two incidents but, for no apparent reason, had waited to report the rapes until five months after one of the incidents and one month after the other, even though she knew that her parents were elsewhere in the house at the time of the alleged rapes. She accused the appellant of rape only when she thought she was pregnant.

Unlike in *Mosteller* and *Krick*, Joan reported the incident promptly. Particularly in view of appellant's threat against her life, she had no apparent motive to testify falsely at trial but did have a clear motive to testify falsely at the recantation hearing. Moreover, her trial testimony was not contradicted by medical findings. The trial court did not err in rejecting Joan's second version of the crime.[1]

Judgment of sentence affirmed.

1. Because Joan recanted facts pertaining only to the conviction for rape and statutory rape, appellant's claim concerns only his convictions for those crimes. Even if the trial court had erred in refusing appellant's motion for a new trial, the convictions for terroristic threats and corruption of a minor would still have been proper.