515 A.2d 1033

Edward Lewis, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs July 15, 1986, to Judges MAC-PHAIL, DOYLE and BARRY, sitting as a panel of three.

*Cynthia N. Keller*, Assistant Public Defender, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, October 6, 1986:

Edward Lewis (Petitioner) has petitioned for review of an order of the Pennsylvania Board of Probation and Parole (Board) dated October 22, 1985, refusing his request for administrative relief from an order of the Board revoking his parole and ordering him to serve 18 months backtime as a technical parole violator. We affirm.

On May 14, 1985, the Board issued an order finding the Petitioner had violated four technical conditions of his parole[1] and ordering him to serve 18 months backtime, the maximum under the presumptive ranges set forth in 37 Pa. Code §75.4. On July 3, 1985, the Petitioner filed with the Board a Request for Administrative Relief which was dismissed by the Board on July 26, 1985, as untimely. On September 4, 1985, the Board received a letter from Ms. Antonette Carletti, whose testimony supported the Board's finding that the Petitioner violated two conditions of his parole,[2] and who had recently given birth to the Petitioner's child. Ms. Carletti's letter reads, in pertinent part:

---

[1] The Board found that the Petitioner had violated conditions 3A, 5A, 5B and 5C of his parole. *See* 37 Pa. Code §65.4.

[2] The Board cited *Ms. Carletti's* testimony and the testimony of the Petitioner's parole agent as the basis for its finding that the Petitioner violated conditions 5B and 5C of his parole. At the parole revocation hearing the Petitioner admitted that he violated conditions 3A and 5A of his parole.

The reason why I'm writing to you is because back in January, I decided to end my relationship with Eddie [the Petitioner]. I got in touch with his parole officer Mr. Neuman, I felt Ed needed help dealing with the problems we were having.

Mr. Newman [sic] stated to me that he would talk to Ed and possibly get him into therapy. Instead Mr. Neuman had him recommited [sic] to Delaware County Prison, Thorton, Pa. Two months later Mr. Neuman came to my home with a subpeona [sic] saying I was to go to the Delaware County Prison to testify against Ed. He threatened me, saying if I didnt [sic] go he would have me picked up.

I was afraid by not showing up I would end up in legal trouble. I believe Mr. Neuman led me on saying he was trying to help Ed. All along he was getting him recommited. [sic] Mr. Neuman also new [sic] I was pregnant with Ed's child at the time of his hearing, and that I was mixed up and confused.

Eddie is now serving eighteen months and has already served seven. I feel this is my fault for the things I exaggerated to Mr. Neuman.

I now have a son by Ed. Everytime I look at Micheal, I feel all the pain his father is going through. It is a great shame that his father isn't here to see Micheal's first year of life.

On September 13, 1985, counsel for the Petitioner contacted the Board requesting the rehearing of Petitioner's case in light of Ms. Carletti's letter, which Petitioner's counsel contends is a recantation of Ms. Carletti's testimony given at the Petitioner's parole revocation hearing. On October 22, 1985, the Board issued an order refusing this request for rehearing. The Board received a second letter from Ms. Carletti on De-

cember 4, 1985 which reiterated the entreaties in her first letter and which is of no moment here since it is not the basis of the Board's decision of October 22.

The Petitioner argues that the Board should have conducted a hearing to receive the testimony of Ms. Carletti, in light of her letter which he characterizes as a recantation of the testimony she gave at the Petitioner's parole revocation hearing.

A decision to grant a rehearing or to reopen a record is within the discretion of an administrative agency and the exercise of that discretion by the agency will not be reversed unless a clear abuse of discretion is shown. *Peace v. Department of Public Welfare,* 93 Pa. Commonwealth Ct. 300, 501 A.2d 1164 (1985); *Fritz v. Department of Transportation,* 79 Pa. Commonwealth Ct. 52, 468 A.2d 538 (1983). We find no abuse of discretion in the Board's denial of rehearing in this case. In her letter to the Board Ms. Carletti did not recant her prior testimony; she merely wrote that she exaggerated to the parole agent and that she testified at the hearing because the parole agent subpoenaed her. Ms. Carletti's letter does not indicate that she testified falsely or that she was pressured to testify falsely.

We also note that in two of the criminal law cases cited by the Petitioner, the Supreme Court held that the trial court did not abuse its discretion in discrediting the recantation of a witness. *Commonwealth v. Floyd,* 506 Pa. 85, 484 A.2d 365 (1984); *Commonwealth v. Nelson,* 484 Pa. 11, 398 A.2d 636 (1979). The Supreme Court wrote: "Recantation testimony is considered extremely unreliable. The trial court is to deny a new trial unless satisfied that the recantation is true and an appellate court is not to disturb the decision [of the trial court] unless there is a clear abuse of discretion." *Floyd,* 506 Pa. at 98, 484 A.2d at 369; *Nelson,* 484 Pa. at 13, 398 A.2d at 637.

Order affirmed.

ORDER

Now, October 6, 1986, the order of the Pennsylvania Board of Probation and Parole, No. 9056 R, dated October 22, 1985, which denied administrative relief to Edward Lewis, is hereby affirmed.