J-S23025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CORNELL SUTHERLAND :
:
Appellant : No. 2199 EDA 2017

Appeal from the PCRA Order June 15, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003313-2012

BEFORE: SHOGAN, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.: **FILED JUNE 26, 2018**

*Pro se* Appellant Cornell Sutherland appeals from the order dismissing his second and third Post Conviction Relief Act[1] (PCRA) petitions because they were untimely and, on the merits, did not warrant relief. Appellant argues that his petitions were timely filed and that after-discovered evidence entitles him to withdraw his guilty plea. We affirm.

We adopt the facts and procedural history set forth in this Court's prior decision affirming the denial of Appellant's first PCRA petition. **Commonwealth v. Sutherland**, 3703 EDA 2015, 2017 WL 529826, *1 (Pa. Super. filed Feb. 8, 2017). "To summarize, during a drug transaction that

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

went awry, [Appellant] shot the victim in the head multiple times and then attempted to conceal the murder by dumping the body and setting the car on fire." *Id.*

At the guilty plea hearing, the Commonwealth stated it would have called several witnesses, including Dante Williams and Marcus Dillard. Dillard would have testified that after he saw the victim enter Appellant's car, he heard gunshots. N.T. Guilty Plea Hr'g, 11/1/13, at 35-36. Following his guilty plea, the trial court sentenced Appellant on November 1, 2013, to a negotiated aggregate sentence of twenty to forty years' imprisonment for third-degree murder and other offenses. *Sutherland*, 2017 WL 529826 at *1. Appellant did not file a direct appeal but did file a first PCRA petition, which was dismissed as untimely on November 20, 2015. *Id.* Appellant appealed the dismissal, and this Court affirmed on February 8, 2017. *Id.*

While Appellant's appeal from his first PCRA petition was pending, the PCRA court docketed Appellant's second *pro se* PCRA petition on August 12, 2016. Appellant's second petition alleged that on August 2, 2016, he received from the PCRA court an affidavit from Ryshine Davis recanting his statement to police inculpating Appellant. Appellant's Second PCRA Pet., 8/12/16, at 3 & Ex. Specifically, the Davis affidavit stated that he never saw the shooting or any crime by Appellant. *Id.* at Ex.

The PCRA court also docketed Appellant's third *pro se* PCRA petition on December 27, 2016. Appellant's third PCRA petition claimed that on

December 4, 2016, he received from the PCRA court an affidavit from Dante Williams recanting his statement to police. Appellant's Third PCRA Pet., 12/27/16, at 3 & Ex. B. Williams states that it was his and Appellant's intent to sell the victim drugs and to not harm the victim. *Id.* The affidavit states that Williams had no idea that the victim and Marcus Dillard planned to rob or kill him and Appellant. *Id.* Williams asserted that Appellant's "reaction was to defend our safety and possessions; never to harm anyone." *Id.* The affidavit later states that Williams never witnessed Appellant "kill or attempt to kill anyone."[2] *Id.*

The PCRA court did not refuse to accept for filing either petition because of Appellant's then-outstanding appeal from his first PCRA petition. Rather, after this Court's decision resolving Appellant's first PCRA petition was filed on February 8, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice on May 12, 2017.[3] The Rule 907 notice stated that Appellant's issues lacked merit, but did not advise Appellant that his petition was untimely filed. Rule 907 Notice, 5/12/17.

The PCRA court docketed Appellant's Rule 907 response on May 26, 2017, which reiterated that the Davis and Williams affidavits establish

---

[2] Given the apparent contradiction, Williams was presumably averring that Appellant acted in self-defense, which resulted in the victim's death.

[3] Appellant did not seek allowance of appeal from this Court's February 8, 2017 order resolving his first PCRA petition.

Appellant acted in self-defense and thus, he would not have pled guilty. The PCRA court dismissed both outstanding petitions on June 15, 2017.

The PCRA court's decision explained that it dismissed both petitions because Appellant "failed to re-file his petitions" within sixty days of this Court's February 8, 2017 decision resolving Appellant's first PCRA petition. The court, however, also addressed the merits, and held that the newly-discovered evidence was either not exculpatory or was cumulative. PCRA Ct. Op., 6/15/17, at 6-7.

Appellant timely appealed and although the PCRA court did not order him to comply with Pa.R.A.P. 1925(b), the PCRA court filed a Pa.R.A.P. 1925(a) decision directing this Court to its June 15, 2017 decision.

Appellant raises the following issues:

1. Whether the PCRA court erred in dismissing Appellant's PCRA without a hearing?

2. Whether crime committed after a homicide forecloses a claim for self-defense or voluntary manslaughter?

Appellant's Brief at iii.

Appellant first contends the PCRA court improperly held that his second and third petitions were untimely. *Id.* at 3. He claims he filed his petitions within sixty days of receiving the newly-discovered evidence, specifically the affidavits of Davis and Williams. *Id.* at 3-4.

The Commonwealth agrees that the PCRA court erred by concluding that Appellant's PCRA petitions were not filed within sixty days of the disposition

of his first PCRA petition, because the court never formally dismissed the prior petitions under **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000). The Commonwealth, however, maintains that Appellant is not entitled to relief on the merits of his after-discovered evidence claim.

This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations and quotation marks omitted).

The timeliness of a PCRA petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition that are set forth in Section 9545(b) of the statute. **See** 42 Pa.C.S. § 9545(b). The three statutory exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

Initially, no party disputes that Appellant's second and third PCRA petitions were filed more than one year after his judgment of sentence became final. Recently, in **Commonwealth v. Montgomery**, 181 A.3d 359 (Pa. Super. 2018) (*en banc*), this Court addressed whether "a PCRA court . . . has the ability to consider a later-filed PCRA petition when a prior PCRA petition is pending before the PCRA court and is not pending on appeal . . . ." **Id.** at 364 (footnote omitted).

> In **Commonwealth v. Lark**, 560 Pa. 487, 746 A.2d 585 (2000), our Supreme Court held that a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review. Our Supreme Court reasoned that a second appeal cannot be taken when another proceeding of the same type is already pending. Where a petitioner attempts to raise a subsequent, independent claim for relief during the pendency of an earlier PCRA petition, his or her only option is to raise it within a second PCRA petition filed within 60 days of the date of the order that finally resolves the pending PCRA petition.
>
> More recently, however, in **Commonwealth v. Porter**, 613 Pa. 510, 35 A.3d 4 (2012), our Supreme Court held that the pendency of a PCRA petition that was held in abeyance, at the request of the petitioner, did not divest the PCRA court of jurisdiction to consider a subsequent PCRA petition . . . . Our Supreme Court stated that **Lark** does not speak to the PCRA court's authority in situations like this one, where no appeal was pending, and where a prior petition was set aside, in accordance with the petitioner's demand that it not be decided. Thus, **Porter** held that the

pendency of a PCRA petition did not affect the PCRA court's jurisdiction to consider a subsequent PCRA petition in a case where no PCRA appeal was pending and a prior petition was being held in abeyance at the petitioner's request.

*Montgomery*, 181 A.3d at 363-64 (quotation marks, brackets, footnote, and some citations omitted).

According to the *Montgomery* Court, *Porter* narrowed the *Lark* holding and

announced a new general rule—a PCRA court may not entertain a new PCRA petition when a prior petition is still under appellate review and, thus, is not final; however, nothing bars a PCRA court from considering a subsequent petition, even if a prior petition is pending, so long as the prior petition is not under appellate review.

*Id.* at 364-65 (stating, "*Lark* precludes consideration of a subsequent petition from the time a PCRA order is appealed until no further review of that order is possible."). "In sum, we hold that PCRA courts have jurisdiction to consider multiple PCRA petitions relating to the same judgment of sentence at the same time so long as a prior petition is not under appellate review and, therefore, not yet final." *Id.* at 367.

Here, this Court did not resolve Appellant's appeal for his first PCRA petition until February 8, 2017. The PCRA court should not have accepted Appellant's second and third PCRA petitions for filing because his appeal from the first was ongoing. *See Montgomery*, 181 A.3d at 363-64. But the PCRA court did not rule on them while the first PCRA petition was on appeal. *See id.*

The PCRA court, however, erred when it dismissed both the second and third petitions as untimely because Appellant "failed to re-file his petitions" within sixty days of this Court's February 8, 2017 decision resolving Appellant's first PCRA petition. The PCRA court, we note, never should have accepted Appellant's second and third petitions for filing in the first place. **See id.** But it did. Under the unique circumstances of this case, we decline to hold that Appellant was required to re-file his second and third petitions within sixty days of February 8, 2017, because the PCRA court essentially held them in abeyance until the appellate process was complete for his first PCRA petition.

Next, we consider whether Appellant properly pleaded an exception to the PCRA time-bar. In **Commonwealth v. Cox**, 146 A.3d 221 (Pa. 2016), the Pennsylvania Supreme Court highlighted the distinctions between the timeliness exception of Section 9545(b)(1)(ii), and eligibility for relief based on after-discovered evidence under Section 9543(a)(2)(vi).[4]

> When considering a claim seeking to invoke section 9545(b)(1)(ii), the petitioner must establish only that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence. We have unequivocally explained that the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception only requires a petitioner

---

[4] Section 9543(a)(2)(vi) provides as follows: "The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi).

to prove that the facts were unknown to him and that he exercised due diligence in discovering those facts.

***Cox***, 146 A.3d at 227 (citations and internal quotation marks omitted); **accord *Commonwealth v. Bennett***, 930 A.2d 1264, 1270 (Pa. 2007).

In ***Commonwealth v. Marshall***, 947 A.2d 714 (Pa. 2008), the Pennsylvania Supreme Court emphasized that the Section 9545(b)(1)(ii) exception "requires petitioner to allege and prove that there were 'facts' that were 'unknown' to him and that he could not have ascertained those facts by the exercise of 'due diligence.'" ***Id.*** at 720 (citation omitted). The fact of a recantation itself may qualify as a newly-discovered fact for purposes of the timeliness exception. ***Commonwealth v. Medina***, 92 A.3d 1210, 1217-18 (Pa. Super. 2014) (*en banc*) (holding record established that defendant's second PCRA petition—filed within sixty days of witness contacting defendant and recanting testimony—was not time-barred because the defendant could not have discovered source of witness recantation or recantation itself through due diligence).

In contrast to ***Medina***, in ***Commonwealth v. Breakiron***, 781 A.2d 94 (Pa. 2001), the Pennsylvania Supreme Court rejected the defendant's attempt to invoke Section 9545(b)(1)(ii) based on juror affidavits that they misunderstood "the meaning of a life sentence." ***Id.*** at 99. The defendant had filed his PCRA petition within sixty days of the dates of the juror affidavits. ***Id.*** The ***Breakiron*** Court, however, affirmed the dismissal of the PCRA petition for lack of jurisdiction because the defendant "had numerous

opportunities at different levels of the appellate process and with the assistance of different counsel to pursue these [juror] claims and he did not." *Id.* at 100.

Here, neither the PCRA court nor the Commonwealth contested whether the recantation affidavits constituted newly-discovered evidence under Section 9545(b)(1)(ii), or whether Appellant exercised due diligence in obtaining discovering the new evidence. Assuming that Appellant could not have discovered the purported recantations earlier, *see Medina*, 92 A.3d at 1217-18, and that the PCRA court should have properly exercised jurisdiction over Appellant's PCRA petitions because they were timely under Section 9545(b)(1)(ii), we will address whether Appellant's second and third PCRA petitions warrant relief.

Appellant argues that the Davis and Williams affidavits qualify as after-discovered evidence. Appellant's Brief at 5. Appellant explains that his decision to plead guilty was based upon his "trial counsel and the trial judge informing him"[5] that he could not prevail under any defense. *Id.* He asserts that the affidavits would negate the malice element for murder and he could have argued self-defense or voluntary manslaughter before a jury. *Id.* at 5-6. Because the two affidavits, in Appellant's view, established a viable self-

---

[5] There is no indication in the record that the trial court participated in the plea negotiation process or informed Appellant that he could not prevail under any defense.

defense claim, he essentially reasons the PCRA court should have considered them. *Id.* Appellant challenges the PCRA court's holding that the Commonwealth had sufficient evidence to refute any self-defense claim. *Id.* at 7, 10-11. He does not advance any claim that plea counsel rendered ineffective assistance of counsel.

To establish eligibility for relief under the "after-discovered evidence" provision of Section 9543(a)(2)(vi):

> a petitioner must prove that (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

*Cox*, 146 A.3d at 228 (citation omitted).

"[A]ny after-discovered evidence which would justify a new trial would also entitle a defendant to withdraw his guilty plea." *Commonwealth v. Peoples*, 319 A.2d 679, 681 (Pa. 1974) (affirming denial of post-conviction relief under the statutory predecessor to the PCRA, under which the defendant sought withdrawal of guilty plea on the basis of after-discovered evidence). For example, in *Peoples*, the defendant sought to withdraw his guilty plea based on after-discovered testimony that "would have proved that the killing in the instant case was done in self-defense, thus excusing [the defendant] from criminal liability." *Peoples*, 319 A.2d at 681. The *Peoples* Court summarized the testimony in question and opined as follows:

> [The] ambiguous testimony could hardly be said to prove that [the defendant] was in reasonable fear for his life when he shot the

- 11 -

decedent, and thus falls far short of establishing self-defense in this case. It would not even prove that [the defendant] was acting out of an unreasonable fear so as to be entitled to a verdict of voluntary manslaughter. Moreover, the statements of several eyewitnesses established that the killing was not done in self-defense, and the post-mortem report established that the decedent died of numerous gunshot wounds, all of which, while not conclusive, would indicate that the killing was not done in self-defense.

*Id.* at 682. The after-discovered testimony in *Peoples*, however, was not recantation testimony. We acknowledge that "[r]ecantation testimony is considered extremely unreliable. . . . It is up to the trial court to judge the credibility of the recantation." *Commonwealth v. Nelson*, 398 A.2d 636, 637 (Pa. 1979).

After careful consideration of the record, including the affidavits in question, the parties' briefs, and the decision of the Honorable Barbara A. McDermott, we affirm on the basis of the PCRA court's decision that Appellant has not established eligibility for relief under Section 9543(a)(2)(vi). *See* PCRA Ct. Op., 6/15/17, at 6-10. Like the PCRA court, we note that the victim was shot four times—with three bullets to the head—which, in conjunction with other evidence discussed at the guilty plea hearing, tends to suggest no self-defense. N.T. Guilty Plea Hr'g, 11/1/13, at 37; *Peoples*, 319 A.2d at 682. Accordingly, having discerned no basis for relief, we affirm the order dismissing Appellant's second and third PCRA petitions. *See Barndt*, 74 A.3d at 191-92. We note that if a PCRA petition is on appeal, the PCRA court should

refuse to accept for filing any subsequent PCRA petition. **_See Montgomery_**,

181 A.3d at 367-68.

　　　Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: _6/26/18_