J-S40045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SCOTT BRADLEY KINGSTON, | |
| Appellant | No. 2016 MDA 2012 |

Appeal from the PCRA Order October 22, 2012
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000735-2009

BEFORE:  BENDER, BOWES, and PANELLA, JJ.

CONCURRING AND DISSENTING MEMORANDUM BY BOWES, J.:

**FILED OCTOBER 29, 2014**

I agree with the distinguished majority that Appellant's subject matter jurisdiction claim is without merit.  The courts of common pleas in Pennsylvania are competent to try any criminal case arising in Pennsylvania and therefore have subject matter jurisdiction.  ***Commonwealth v. Bethea***, 828 A.2d 1066 (Pa. 2003).  Appellant's actual challenge relates to venue.  In this respect, I concur with the majority's assessment that his venue position does not afford him relief.  Appellant is not eligible for relief on his venue issue because it was waived, 42 Pa.C.S. § 9544(b), and he has not raised it as an ineffective assistance of counsel claim.[1]  However, I respectfully

---

[1]  The majority finds Appellant's venue claim is not cognizable.  The use of this phrase was the subject of a portion of my disagreement with the learned
*(Footnote Continued Next Page)*

dissent from the majority's suggestion that trial counsel may be ineffective for not contesting Appellant's sentences on three distinct solicitation to commit perjury counts and three separate solicitation to hinder prosecution charges, based on 18 Pa.C.S. § 906.

Initially, the majority incorrectly maintains that a similar § 906 issue was presented but found to be waived in **Commonwealth v. Wade**, 33 A.3d 108 (Pa.Super. 2011) (Bowes, J.). **See** Majority Memorandum, at 9 n.2. Further, the majority errs in determining that **Wade** implicitly recognized that § 906 would bar multiple convictions of possession of an instrument of crime ("PIC"). Section 906 was not at issue in **Wade** and was neither mentioned nor analyzed. Indeed, the defendant therein did not raise any contention under § 906. This is because § 906 no longer pertains to PIC, which was the relevant crime being discussed in the portion of **Wade** relied on by the majority. **Compare Commonwealth v. Ford**, 461 A.2d 1281 (Pa.Super. 1983) (holding, based on an earlier version of 18 Pa.C.S. § 906, which read, "A person may not be convicted of more than one offense defined by this chapter for conduct designed to commit or to culminate in the commission of the same crime[,]" that a defendant cannot be sentenced

_(Footnote Continued)_ _____

author of the present majority in **Commonwealth v. Descardes**, 2014 PA Super 210 (_en banc_). To the extent that the majority decision can be read to suggest that Appellant could raise his venue challenge via a writ of _habeas corpus_ or _coram nobis_, I strongly separate myself from such a reading.

for both PIC and attempted murder where those two inchoate crimes have the same criminal objective). The pertinent question in *Wade* was whether the defendant's multiple PIC convictions were part of one criminal episode. Section 906 had no bearing on the outcome or analysis in that decision. Accordingly, reliance on *Wade* is misplaced.

The majority also acknowledges that there are no reported decisions supporting its conclusion that § 906 precludes multiple sentences for criminal solicitations designed to culminate in the commission of perjury at Appellant's earlier DUI trial. Yet, it implicitly concludes that trial counsel could be ineffective in not raising this novel statutory interpretation absent some reasonable basis. The majority does state that it cannot determine actual prejudice based on the record. However, the issue is a matter of statutory interpretation, which is a pure question of law, subject to *de novo* review. **See Commonwealth v. Chester**, __ A.3d __ (Pa. 2014) (filed September 24, 2014). Either § 906 prohibits multiple sentences for criminal solicitation that were intended to culminate in the commission of perjury and hindering prosecution at one trial, or it does not. If § 906 does not operate in the manner articulated by the majority, then, as a matter of law, Appellant cannot establish prejudice (or arguable merit) and it would be unnecessary to remand to the PCRA court for an evidentiary hearing.

Regardless, I find it perplexing to determine that trial counsel is ineffective for failing to anticipate this Court's potential novel interpretation of § 906. While this interpretation would not be a new rule of law since it is

based on statutory interpretation, *see **Fiore v. White***, 757 A.2d 842 (Pa. 2000), I believe the majority misreads the statute and mistakenly extends the law to Appellant's commission of distinct criminal acts of solicitation.

Section 906 currently provides, "[a] person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime." 18 Pa.C.S. § 906. The import of this language has consistently been recognized: A defendant cannot be sentenced for criminal attempt to commit murder, criminal solicitation to commit murder, and criminal conspiracy to commit murder, where a single murder was the objective of the attempt, conspiracy, and solicitation. The same principle applies to other underlying crimes.

The statute does not preclude a sentence on multiple solicitation counts where the defendant, on separate dates, solicited a person to commit the same crime. This is because there are multiple solicitation crimes being committed, *i.e.*, distinct criminal acts and episodes. The majority essentially re-writes the statute to say, "a person may not be convicted of more than one criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime." Instantly, the fact that the person being solicited would only be able to perjure herself at one trial or hinder prosecution at that trial does not alter the plain fact that Appellant committed separate criminal acts of solicitation. This situation would be different had Appellant, in a single letter, solicited

Ms. Mroz to commit perjury and offered three separate mechanisms to do so.

Thus, the majority's example of soliciting a burglarly is inapt. In that situation, multiple sentences could be issued if the solicitations occurred on three separate dates. *See Commonwealth v. Grekis*, 601 A.2d 1284, 1294 (Pa.Super. 1992). Of course, if the person only solicited the person one time, but offered separate manners of completing the burglary, only one solicitation occurred. Thus, the majority's logic is faulty. This Court's *dicta* in *Grekis* supports my standard reading of the statute. In *Grekis*, the defendant, on three separate occasions occurring weeks apart, solicited a minor to engage in involuntary deviate sexual intercourse ("IDSI"). The defendant was not sentenced on each count, however, he contended that he could not be convicted of each separate count. This Court set forth that even if the court imposed separate sentences on the charges it would not have been improper because he committed three distinct acts of solicitation.

The majority distinguishes *Grekis* on the ground that the defendant therein could have performed three IDSI crimes, rather than one IDSI crime. *See* Majority Memorandum, at 10. Here, it is true that, based on Appellant's solicitations, Ms. Mroz could only perjure herself at Appellant's original DUI trial and not on multiple occasions outside of that trial. This distinction is legally insignificant since in both situations the defendant committed separate solicitation crimes. Under the majority's logic, a person who solicits a person on two occasions, a year apart, to murder his or her spouse

could only be sentenced on one count of solicitation because the spouse could only be murdered one time. In my view, the plain language of Section 906 does not support such a strained reading.

Section 906 has consistently been applied to preclude multiple sentences for criminal attempt to commit crime X, criminal conspiracy to commit crime X, and criminal solicitation to commit crime X, not to prohibit sentencing on multiple acts of criminal solicitation. Section 906, at its core, is a merger type statute. Merger statutes focus on prohibiting multiple sentences for single criminal acts or episodes resulting in the commission of one crime. Insofar as the majority decision implies that Appellant's solicitations were one criminal episode, such an issue would have to be presented to the jury. *See Wade*, *supra* (discussing *Commonwealth v. Andrews*, 768 A.2d 309 (Pa. 2001)). Appellant does not level an ineffectiveness claim premised on counsel's failure to seek a jury instruction on this issue.

I am aware that § 906 issues have been held to implicate the legality of sentence, *see Commonwealth v. Jacobs*, 39 A.3d 977 (Pa. 2012), and would not necessarily require the issue to be forwarded under the ineffectiveness rubric and can be raised *sua sponte*. Nonetheless, no Pennsylvania court that I am aware of has *sua sponte* ruled that sentences for separate solicitations to commit the same crime are illegal under § 906.

As the majority's reading of the statute is unsupported by any case law, could result in incongruous results, and is inconsistent with the ordinary

reading of the statute, I cannot agree that trial counsel could potentially be found ineffective for failing to advance the novel interpretation of § 906 posited by the majority.[2]  Nor would I find that Appellant's sentence is illegal.  Therefore, I respectfully dissent and would affirm.

_____

[2]  I recognize that counsel may be found ineffective for failing to level a challenge even where no case law exists on the subject where a plain reading of a statute would support the argument.  *See Commonwealth v. Jones*, 416 A.2d 539 (Pa.Super. 1979).  This case is not such a situation because it is premised on a legally unsupported interpretation of 18 Pa.C.S. § 906.