J-S73013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN ANDREW SHENK, | |
| Appellant | No. 664 MDA 2014 |

Appeal from the PCRA Order April 1, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005517-2011, CP-36-CR-0005519-2011

BEFORE:  BOWES, WECHT, and MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 04, 2014**

Kevin Andrew Shenk appeals from the order entered April 1, 2014, denying his first-counseled PCRA petition.  We affirm.

The Commonwealth charged Appellant with solicitation to commit statutory sexual assault, unlawful contact with a minor, corruption of a minor, and terroristic threats at case number 5517-2011.[1]  In addition, at case number 5519-2011, the Commonwealth alleged Appellant committed twenty-four counts of possession of child pornography.  Prior to these two sets of charges being leveled, Appellant had entered a guilty plea to two sex offenses that transpired on different dates.  However, the guilty plea and

---

[1] The terroristic threats charge was dismissed at a preliminary hearing.

sentencing for those crimes occurred on the same date. Based on these

prior convictions, Appellant was subject to a mandatory minimum sentence

under 42 Pa.C.S. § 9718.2.[2]

_____

[2] 42 Pa.C.S. § 9718.2 provides in full:

**(a) Mandatory sentence.--**

(1) Any person who is convicted in any court of this Commonwealth of an offense set forth in section 9799.14 (relating to sexual offenses and tier system) shall, if at the time of the commission of the current offense the person had previously been convicted of an offense set forth in section 9799.14 or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction, be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon such conviction, the court shall give the person oral and written notice of the penalties under paragraph (2) for a third conviction. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

(2) Where the person had at the time of the commission of the current offense previously been convicted of two or more offenses arising from separate criminal transactions set forth in section 9799.14 or equivalent crimes under the laws of this Commonwealth in effect at the time of the commission of the offense or equivalent crimes in another jurisdiction, the person shall be sentenced to a term of life imprisonment, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required.

**(b) Mandatory maximum.--**An offender sentenced to a mandatory minimum sentence under this section shall be sentenced to a maximum sentence equal to twice the mandatory

*(Footnote Continued Next Page)*

minimum sentence, notwithstanding 18 Pa.C.S. § 1103 (relating to sentence of imprisonment for felony) or any other provision of this title or other statute to the contrary.

**(c) Proof of sentencing.--**The provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, by a preponderance of the evidence, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section. Should a previous conviction be vacated and an acquittal or final discharge entered subsequent to imposition of sentence under this section, the offender shall have the right to petition the sentencing court for reconsideration of sentence if this section would not have been applicable except for the conviction which was vacated.

**(d) Authority of court in sentencing.--**There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsections (a) and (b) or to place the offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

**(e) Appeal by Commonwealth.--**If a sentencing court shall refuse to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the

The Commonwealth indicated that, if Appellant proceeded to trial, it would seek life imprisonment under its interpretation of the governing statute. That statute authorized life imprisonment for a third-time offender. Appellant, on the advice of counsel, entered a negotiated guilty plea. In exchange for Appellant's plea, the Commonwealth agreed to a sentence of twenty-five to fifty years incarceration to be followed by eight years probation. The prison sentence equaled the mandatory minimum for a second-time offender under § 9718.2. During the plea proceeding, Appellant was informed that if his sentences were run consecutively, he could be sentenced to a maximum of 1,311 years imprisonment. The court thereafter, on July 12, 2012, accepted Appellant's plea and sentenced Appellant to twenty-five to fifty years incarceration and eight years probation.[3] Appellant filed a motion to withdraw, which the court denied. Appellant did not file a direct appeal.

_(Footnote Continued)_ _____

> sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for the imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.

[3] The court further ordered a sexually violent predator assessment to be conducted by the Sexual Offenders Assessment Board. This assessment was performed after the sentencing and an SVP hearing was conducted on April 23, 2013. The court found Appellant to be an SVP. This Court has previously upheld the jurisdiction of a court to hold a sexually violent predator hearing after sentencing. **_Commonwealth v. Whanger_**, 30 A.3d 1212 (Pa.Super. 2011).

Approximately two months after Appellant's plea, on September 14, 2012, this Court decided **Commonwealth v. Helsel**, 53 A.3d 906 (Pa.Super. 2012). The **Helsel** Court held that where a defendant is sentenced at the same time for two triggering sex offenses, those crimes count as one conviction for purposes of § 9718.2. In reaching this conclusion, the **Helsel** panel relied on our Supreme Court's earlier decision in **Commonwealth v. Shiffler**, 879 A.2d 185 (Pa. 2005). Based on **Helsel**, Appellant could not have been subject to a sentence of life imprisonment pursuant to the mandatory sentencing provision.

Appellant filed a timely *pro se* PCRA petition on July 1, 2013. The court appointed counsel, who filed an amended petition on November 1, 2013. The court conducted a PCRA hearing on January 27, 2013, and directed the parties to submit briefs. Counsel then filed what he incorrectly labeled as an **Anders** motion to withdraw,[4] asserting that Appellant's issues did not have arguable merit. Thereafter, the court denied Appellant's petition by order and opinion, but did not permit counsel to withdraw. This timely appeal ensued. The PCRA court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

---

[4] The proper procedure to withdraw in PCRA cases, frequently confused with **Anders**, is governed by **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Despite counsel's attempt to withdraw below, he has not filed a **Turner/Finley** no-merit brief on appeal.

Appellant complied, and the PCRA court issued an order indicating that its prior opinion expressed its reasons for dismissal. The case is now ready for our review. Appellant presents two issues for this Court's consideration.

1. Did the PCRA court err in determining that Appellant could not withdraw his guilty plea?

2. Did the PCRA court err in determining that the trial counsel properly advised Appellant as to the applicable mandatory sentence under the provisions of 42 Pa.C.S.A. § 9718.2?

Appellant's brief at 4.

In conducting review of a PCRA matter, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*). Our review is limited to the evidence of record and the factual findings of the PCRA court. **Id**. This Court will afford "great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." **Id**. Thus, when a PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its decision. **Id**. Of course, if the issue pertains to a question of law, "our standard of review is *de novo* and our scope of review is plenary." **Id**.

Both of Appellant's claims relate to the effectiveness of plea counsel. We comprehensively discussed the law regarding ineffectiveness claims in **Commonwealth v. Stewart**, 84 A.3d 701 (Pa.Super. 2013) (*en banc*). Therein, we opined:

"To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." *Commonwealth v. Chmiel*, 612 Pa. 333, 30 A.3d 1111, 1127 (2011). Where the petitioner "fails to plead or meet any elements of the above-cited test, his claim must fail." *Commonwealth v. Burkett*, 5 A.3d 1260, 1272 (Pa.Super. 2010).

A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. *See Commonwealth v. Jones*, 583 Pa. 130, 876 A.2d 380, 385 (2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . ., he or she will have failed to establish the arguable merit prong related to the claim"). Whether the "facts rise to the level of arguable merit is a legal determination." *Commonwealth v. Saranchak*, 581 Pa. 490, 866 A.2d 292, 304 n.14 (2005).

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. *Commonwealth v. Colavita*, 606 Pa. 1, 993 A.2d 874 (2010). Counsel's decisions will be considered reasonable if they effectuated his client's interests. *Commonwealth v. Miller*, 605 Pa. 1, 987 A.2d 638 (2009). We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken. *Id*. at 653.

"Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Commonwealth v. Steele*, 599 Pa. 341, 961 A.2d 786, 797 (2008). A reasonable probability 'is a probability sufficient to undermine confidence in the outcome.' *Commonwealth v. Rathfon*, 899 A.2d 365, 370 (Pa.Super. 2006)." *Burkett, supra* at 1272; *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

*Stewart*, *supra* at 706-707.

Where a petitioner alleges that guilty plea counsel was ineffective, he must demonstrate that absent counsel's incorrect advice or failure to advise, there is a reasonable probability he would have not pled guilty and would have proceeded to trial, *Commonwealth v. Barndt*, 74 A.3d 185 (Pa.Super. 2013), or, not relevant here, accepted a plea offer. A defendant is bound by statements he makes under oath and ordinarily cannot challenge his plea by claiming that he lied under oath. *Commonwealth v. Pollard*, 832 A.2d 517 (Pa.Super. 2003).

Insofar as Appellant's first and second issues regarding counsel's advice relative to the applicable mandatory sentencing provision overlap, we will address that argument in discussing his second claim. Appellant in his first argument also sets forth that counsel was ineffective in failing to review discovery materials with Appellant. This specific issue was not included in Appellant's amended PCRA petition, nor was it set forth in his *pro se* petition. Hence, this aspect of Appellant's argument is waived. 42 Pa.C.S. § 9544(b); *Commonwealth v. Bond*, 819 A.2d 33 (Pa. 2002).[5] Similarly, Appellant's allegation that counsel did not adequately meet with and discuss his case was not raised or developed in his *pro se* or amended petition.

---

[5] We note that the PCRA court did not address this argument in its opinion and Appellant's Pa.R.A.P. 1925(b) statement does not specify this position. Thus, his claim relative to discovery is waived for this additional reason. *See Commonwealth v. Butler*, 756 A.2d 55 (Pa.Super. 2000), *affirmed*, 812 A.2d 631 (Pa. 2002).

Thus, this portion of Appellant's argument is also waived. *Id*. Further, plea counsel testified that he met with Appellant on five to ten occasions to discuss Appellant's charges, and Appellant himself acknowledges that he met with counsel three times while incarcerated.

Appellant's second issue on appeal is that counsel incorrectly informed him that he would be subject to life imprisonment as a third strike sex offender pursuant to 42 Pa.C.S. § 9718.2. Appellant submits that prior to his plea, plea counsel instructed him that the Commonwealth was seeking a mandatory life sentence if he went to trial. He adds that the prosecuting attorney in the underlying matter confirmed that she would have pursued a life sentence. Appellant argued at his evidentiary hearing that counsel should have been aware of *Shiffler*, *supra*, which the *Helsel* Court relied upon. Under the *Shiffler* rationale,[6] adopted by the *Helsel* panel in the context of the sex offender mandatory statute, a person sentenced at the same time for two qualifying offenses was considered as having one rather than two convictions. Therefore, he was only subject to the sentencing provision as a second-time offender, which provided for a minimum sentence of twenty-five years. In his view, counsel's failure to alert him that he would not be subject to a mandatory life sentence under 42 Pa.C.S. § 9718.2, coerced him into pleading guilty.

---

[6] *Shiffler* involved 42 Pa.C.S. § 9714, a three strikes statute for those who committed crimes of violence.

On appeal, Appellant asserts that plea counsel should have somehow combed this Court's records to learn of the undecided pending **Helsel** case. He maintains that counsel's failure to locate the pending decision in **Helsel**, had no reasonable basis and could "have been discovered through basic legal research." Appellant's brief at 15. Appellant continues that had counsel discovered that the issue was pending before this Court, Appellant could have delayed his plea.

We find Appellant's arguments on appeal to be without merit. Basic legal research could not uncover every issue pending before this Court. This Court routinely handles in excess of 7,500 appeals in a calendar year. The vast majority of decisions by this Court result in unpublished memorandum decisions. Unlike the Supreme Court, whose caseload is primarily discretionary, we do not issue orders of public record indicating what issues are pending before this Court. To place the burden on defense counsel of uncovering pending issues before this Court in advising a client is untenable.

However, we do not discount that there are situations where counsel may be held ineffective even where caselaw has not been decided on the question at issue. This does not contradict the well-established principle that counsel cannot be ineffective for failing to anticipate a change in the law. **Commonwealth v. Rollins**, 738 A.2d 435, 451 (Pa. 1999). A case involving statutory interpretation that is the first time the statute has been interpreted is not a new rule of law nor is it a change in the law. **Fiore v.**

*White*, 757 A.2d 842 (Pa. 2000). Thus, in situations where the statutory interpretation of the statute in question is relatively clear on its face, counsel could be ineffective. *See Commonwealth v. Jones*, 416 A.2d 539 (Pa.Super. 1979). This case, however, does not present such a situation.

The *Helsel* Court's interpretation involved a nuanced application of the mandatory statute. While counsel certainly could have instructed his client that based on *Shiffler*, it was possible that this Court would preclude a life sentence under a recidivist rationale, it was not ineffective assistance to advise him of the possibility of another potential outcome. Furthermore, we cannot agree with Appellant that counsel's informing him that the Commonwealth would seek imposition of life imprisonment caused an unknowing plea, where even absent the mandatory statute, Appellant faced the equivalent of a life sentence if convicted of the numerous charges against him. Instantly, had counsel anticipated *Helsel* and told Appellant that based on *Shiffler*, a life sentence under the mandatory would be improper, he still faced the possibility of serving the rest of his life in prison. Indeed, the Court advised Appellant at the plea hearing that he faced a possible maximum sentence of 1,311 years.

Here, the guilty plea colloquy demonstrates that Appellant knew the nature of the charges against him as well as the possibility of minimum sentences of 311 years incarceration, absent application of the

mandatories.[7]   Thus, the voluntariness of Appellant's plea is established.

***Commonwealth v. Rush***, 909 A.2d 805, 808 (Pa.Super. 2006).  Appellant is entitled to no relief.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/2014

---

[7]   We note that the sentencing court and plea counsel at the guilty plea hearing correctly treated Appellant as a second-time offender under 42 Pa.C.S. § 9718.2.